## JAMES H. BEARD, ADMINISTRATOR, APPEAL FROM PROBATE.

Third Judicial District, Bridgeport, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The relations between a creditor and the estate of a decedent are un-
affected by his failure to exhibit his claim within the time limited
for that purpose, except that he is thereby barred from enforcing
it by suit as an actionable demand.

The heirs at law of an intestate have an equitable right to insist that
his personal property shall first be resorted to for the payment of
a mortgage debt created by him, so far as such property may be
adequate and can be used without prejudice to the rights of un-
secured creditors; and therefore it becomes the duty of the admin-
istrator to pay such indebtedness from the personal assets, whether
a claim upon it be presented or not by the mortgagee within the
time limited for the presentation of claims.

A finding that the land was inventoried as subject to the mortgage,
and that interest was paid by the administrator on the mortgage
note before the lapse of the time allowed for the presentation of
claims, does not import a demand by the mortgagee for payment
from the estate, nor is it inconsistent, as matter of law, with a
statement in the finding to the effect that the mortgagee never ex-
hibited or presented to the administrator any claim, note, or mort-
gage against the estate.

A widow stands on no better footing than any other distributee in re-
spect to the share of her husband's property which she may re-
ceive under the statute of distribution.

Argued October 27th, 1905—decided January 4th, 1906.

APPEAL from a decree of the Court of Probate for the
district of Huntington disallowing a payment of a mortgage
debt of $1,800 made by the administrator without presenta-
tion of the mortgage note or any demand by the payee and
mortgagee, taken to and reserved by the Superior Court in
Fairfield County, *George W. Wheeler, J.,* upon a finding
of facts, for the advice of this court. *Disaffirmance of pro-
bate decree advised.*

*Robert L. Munger,* for the administrator.

*William S. Downs,* for Elizabeth Spencer, the widow.

VOL. LXXVIII—31

*Edward A. Harriman* and *George W. Klett*, for Charlotte Neibling *et als.*, heirs at law.

BALDWIN, J. The intestate owned at the time of his decease land which he had mortgaged to a savings-bank to secure his own notes for $2,100, payable on demand, with interest, for money borrowed from it. By order of the Court of Probate the period allowed for the presentation of claims against the estate was fixed at six months from February 17th, 1902. Within this time an inventory was returned which showed that the land was subject to this mortgage indebtedness to the bank, and the administrator paid it the interest then due upon the notes. After the six months had expired he paid the bank $1,800 on the principal of the notes. These payments were made because he supposed it to be his duty and not because requested ; nor were the notes or mortgages, or any demand founded upon them, ever exhibited or presented to him as claims against the estate. The intestate left a widow, to whom he was married before 1877, and no issue. At her instance, the Court of Probate refused to allow a credit in the administration account of $1,800 for the money paid to reduce the principal of the mortgage debts.

The title to the equity of redemption in the mortgaged lands, upon his death, became vested in his heirs at law, subject to her right of dower. They acquired at the same time an equitable right to have the debts of the intestate, whether secured or unsecured, discharged out of the fund to which resort in all cases is primarily to be had, that is, the general personal estate, so far as it was adequate for that purpose and could be used without prejudice to the rights of unsecured creditors. *Forrester* v. *Lord Leigh*, Ambler, 171 ; *Brainerd* v. *Cowdrey*, 16 Conn. 1, 7 ; *Jackson* v. *Bevins*, 74 id. 96 ; *Bulkley* v. *Seymour*, ibid. 459.

It is one of the agreed facts that the bank " never exhibited or presented to the said appellant, as administrator, any claim or note or mortgage against said estate." With this ultimate conclusion none of the subordinate facts, as to

which the parties also agreed, are inconsistent in law. That the land was inventoried as subject to the mortgages, and that interest was paid upon the notes before the lapse of the six months allowed for the presentation of claims, did not import that the bank had demanded payment from the estate. They were at least equally consistent with the supposition that both the administrator and the bank contemplated the continuance of the loan on the sole security of the land mortgaged. *Dime Savings Bank* v. *McAlenney*, 76 Conn. 141.

Every creditor of the estate who failed to present his claim within the six months allowed by the Court of Probate for that purpose, became, in August, 1902, "forever debarred of his demand against said estate," unless an extension of time should be secured. General Statutes, § 326. The meaning of this statute is that, should he subsequently attempt to collect his claim from the estate, his omission to present it, if properly set up, is an effectual bar to the proceeding. But, as in the case of the ordinary statutes of limitation, the debt remains in existence. *Berrigan* v. *Pearsall*, 46 Conn. 274, 276. There is simply a shield against its enforcement as an actionable demand. In no other respect have the relations between the creditor and the estate been affected.

Before August, 1902, the bank held two notes of the intestate which his administrator could be compelled to discharge, if there were general assets sufficient for that purpose. After August, 1902, it held the same notes, but without the power thus to compel their discharge. It still had as full a right as ever to foreclose the mortgages by which they were secured. The heirs, therefore, remained, as before, in peril of losing their lands, unless the incumbrances were removed.

The inventory showed that the value of their inheritance was diminished by the amount of these particular mortgages in favor of this particular creditor. No question is made as to the propriety of the payment made by the administrator of the semi-annual interest which accrued upon them during

the six months allowed for the exhibition of claims, although no claim for it had been presented to him. But he had no more right to pay it during that period than he would have had to pay it afterward. His authority proceeded from two things : the fact, which appeared upon the records of the Court of Probate, that the lands of the intestate were subject to this mortgage indebtedness, and the rule of law that any such indebtedness must be discharged from the general personal estate, if it be adequate for that purpose and can be used without prejudice to the rights of unsecured creditors. This fact and this rule made it his duty to pay both the interest and the principal due upon the notes in question, whether they should or should not be exhibited as claims against the estate. We have heretofore decided that an executor comes under such an obligation in favor of a devisee, since a devise implies, in the absence of any contrary provision, an intention that the land shall be disencumbered by payments from the general personal assets. *Turner* v. *Laird*, 68 Conn. 198, 200. In cases of intestacy, the law secures the same result. The money borrowed became an addition to the personal estate of the borrower. That fund, therefore, having received the benefit of that for which the land was mortgaged should be held to the burden of discharging the incumbrance. This was the established doctrine of the courts before a similar right of exoneration was conceded to devisees. 5 Bacon's Abridgment (Ed. 1811), Mortgage, E, p. 23.

It is contended that a widow is entitled to greater favor than an heir. Dower is highly favored in law, but as to any additional share in her husband's property which she may receive by the statute of distributions she stands on no better footing than any other distributee. *Sutherland* v. *Harrison*, 86 Ill. 363, 366.

The Superior Court is advised to disaffirm the decree of the Court of Probate.

Costs will be taxed for the appellant in this court.

In this opinion the other judges concurred.