GILBERT S. RAYMOND, CONSERVATOR (WILLIAM A.
    FRAZIER) *vs.* EMMA C. BAILEY (HOWELL S. BAILEY,
    ADMINISTRATOR).

Second Judicial District, Norwich, October Term, 1922.
WHEELER, C. J., BEACH, BURPEE, KEELER and JENNINGS, Js.

Under our practice permitting the union of claims whether in contract
    or tort, or both, arising out of the same transaction or transactions
    connected with the same subject of action (§ 5636), a count for
    the recovery of money obtained by undue influence, and one for the
    recovery of the same money as a loan, may be joined, if each claim
    arose out of the same transaction; and therefore it is within the
    discretion of the trial court to permit an amendment of the com-
    plaint during the trial by adding the count for money loaned,
    provided an opportunity is afforded the defendant to answer the
    amendment and to further cross-examine the plaintiff's witnesses
    who have already testified.

One who obtains money by undue influence is under a legal duty to
    return it to its rightful owner. This duty may be treated as a
    *quasi*-contract; and the neglect to perform it may become a breach
    of such contract. Thus viewed, such cause of action survived the
    defendant's death pending suit, without any aid from the sweeping
    terms of our statute (§ 6177) requiring the same conclusion.

Questions not raised on the trial are not entitled to consideration in
    this court on appeal.

General Statutes, § 4983, provides that if any creditor shall fail to
    exhibit his claim against the estate of a decedent within the time
    limited therefor by the Court of Probate, he shall be barred of his
    demand. .*Held* that this statute did not apply to a claim for a
    recovery of which an action had been brought during the lifetime
    of the decedent and in which his administrator was afterward
    substituted as defendant, either on his own motion or by process
    of *scire facias* under the statute, § 6177.

A defendant who relies upon the plaintiff's failure to present his claim
    within the time limited under § 4983, as a defense to the action,
    must plead such failure in bar; otherwise the case presents no such
    issue, and the trial court has no occasion to charge the jury re-
    specting it.

Section 6177 does not provide for the revival of such an action as might
    have been prosecuted against an executor or administrator, nor
    for the substitution of a new action of any kind; it definitely de-

clares that a plaintiff may continue his pending action. In this respect the law existing prior to the enactment of the statute in 1903, was changed.

Argued October 17th—decided November 27th, 1922.

ACTION to recover $2,500 alleged in one count to have been obtained from the plaintiff Frazier by undue influence exercised over him by the defendant Emma C. Bailey, and in a second count to have been a loan by the plaintiff to the defendant, brought to the Superior Court in New London County and tried to the jury before *Hinman, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

The writ and complaint in this suit were returned to the court in March, 1918. It alleged that the plaintiff had been duly appointed conservator of William A. Frazier, an incompetent person, on January 18th, 1918; that for a long time before that day Frazier had been of weak mind, incapable of attending to his business affairs, and in a condition to be unduly influenced; and that on December 4th, 1917, the defendant, who was a sister of Frazier, had unduly influenced him to pay over to her $2,500, which she, knowing his mental weakness and incapacity, accepted and appropriated to her own use.

An answer to this complaint was filed July 5th, 1918, in which the appointment of the conservator was admitted and the other allegations denied, and which set up as additional matters of defense, first, that the $2,500 was a gift made by Frazier to the defendant, and second, that Frazier had paid the money to the defendant as consideration for the home she had provided for him in her family. On July 12th, 1918, the plaintiff filed his denial of these additional defenses.

On May 5th, 1920, the defendant died, and on

June 10th, 1920, George E. Pitcher, as the administrator of her estate, filed a motion to be substituted as defendant in the suit, and this motion was granted on June 18th, 1920. On January 21st, 1921, Howell S. Bailey, as administrator of the same estate, entered by order of court to defend the action. On March 11th, 1921, William A. Frazier, on his motion asserting that he had become mentally competent and that his conservator had been removed, was substituted as plaintiff.

In this form the action came to trial November 17th, 1921, and the plaintiff and the defendant appeared and were at issue to the jury under the pleadings then on file. On that day, the plaintiff Frazier completed his direct testimony and cross-examination, and the trial was adjourned until November 22d, 1921. When the court opened on that day, the plaintiff presented a motion to amend his complaint by adding a second count, in which he set forth that on or about the date stated in the first count, and when he was in the weak mental condition described in that count, he lent $2,500 to Emma C. Bailey, and no part of the same had been repaid. Over the defendant's objection, the court granted this motion and allowed this second count to be added to the complaint. Thereupon the defendant filed an answer denying all the allegations of the additional count, and by leave of court recalled the plaintiff Frazier as a witness, and further examined him to such extent as he desired.

No evidence was offered that any claim in writing had been exhibited or presented by or for the plaintiff to the administrator of the estate of Emma C. Bailey within the time limited by the Court of Probate for the presentation of claims, but no claim of law based upon, nor any reference to, this omission, was made during the trial or in the charge to the jury.

*Thomas M. Shields,* for the appellant (defendant).

*Arthur F. Libby,* for the appellee (plaintiff).

BURPEE, J.  The court made no error in denying the defendant's motion to set aside the verdict.  It is admitted that the plaintiff Frazier, when he caused this suit to be begun by his conservator, when he had his conservator removed and took charge of the conduct of the case in place of his conservator, and when he testified during the trial, knew what he was doing and what he and his sister had done.  He might not have understood what significance and interpretation the law would put upon their acts, but he remembered the facts clearly and stated them intelligibly and fully, if somewhat ramblingly.  His credibility and the weight of his testimony were questions within the province of the jury only.  It was for them, also, to consider the financial conditions of the actual parties, the circumstances of the transaction between them, and the events preceding and following it, either to corroborate or to contradict the plaintiff's assertions and claims. We agree with the conclusion of the trial court, stated in its memorandum denying this motion, that "a review of the evidence discloses no such situation as to indicate any improper motive, attitude or conduct on the part of the jury, or that their conclusion was not legitimately warranted by evidence before them which they might properly have believed."

It was well within the reasonable exercise of the court's judicial discretion to permit the amendment of the complaint by adding the second count.  The complaint itself set out a cause of action which arose out of dealings between the plaintiff and defendant which took place at a time when the plaintiff was weak in mind and incapable of attending to his business affairs, and in which the defendant obtained from him by undue

influence a sum of money which she converted to her
own use.   The plaintiff's real object in bringing this
suit was to recover this money.   That was therefore
his ground or cause of action.   *Johnston* v. *Sikes,*
56 Conn. 589, 594; *Fisk's Appeal,* 81 Conn. 433, 441,
71 Atl. 559.   He set up his claim as one in tort.   The
amendment, offered after he had completed his testi-
mony concerning these dealings, on its face referred
to the same dealings and to the same sum of money.
It appeared then, and is not disputed, that these deal-
ings between these parties were the only dealings
which resulted in the plaintiff's giving this amount of
money to the defendant.   The effect of the amend-
ment was merely to state the plaintiff's claim in another
form.   He plainly expected to recover under only one
of the counts.   Under our practice he had the right to
set forth in one count his version of his dealings with
his sister and the circumstances and conditions in which
they were had, and after he had presented his evidence,
to submit to the court and jury the question whether,
on the facts proved, he was entitled to recover from
the defendant the sum of money he had given to her
on the ground that she unduly influenced him to part
with it, or to recover this sum of money from her as a
loan; that is, whether, on the facts proved, he could
recover for the defendant's fraud or for her breach of a
contract thus effected.   *Knapp* v. *Walker,* 73 Conn.
459, 47 Atl. 655; *Huntington's Appeal,* 73 Conn. 582,
48 Atl. 678; *Kling* v. *Torello,* 87 Conn. 301, 87 Atl. 987.
The dealings of which this money was the subject
were the transaction out of which the plaintiff's claims
arose, and these were the claims upon which his
causes of action were brought to recover.   Therefore
it mattered not that one was a claim in contract and
the other in tort.   Our statutes regulating pleading
permit several causes of action to be united in the same

complaint; but where they are so united, "they must all be brought to recover, either . . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." General Statutes, § 5636. Hence, the proposed second count might have been originally inserted in the complaint, and the allowance of the amendment setting it forth, at the time when it was offered, might be granted by the discretion of the court under our liberally construed statutes and rules of pleading. General Statutes, § 5664. No new matter was injected by the amendment; only another construction to be put upon facts already in evidence was suggested. An opportunity to answer the new pleading and to further examine the plaintiff as a witness was granted to the defendant and was used as fully as he desired. He asked no more. Nothing is disclosed in the record to suggest an abuse of judicial discretion. Therefore the action of the court will not be reviewed on appeal. *Lawton* v. *Herrick*, 83 Conn. 417, 76 Atl. 986; *Verdi* v. *Donahue*, 91 Conn. 448, 453, 99 Atl. 1041.

Moreover, by the death of the defendant while the suit was pending, the plaintiff's cause or right of action was not lost nor destroyed; it survived against her administrator. General Statutes, § 6177. "The cause of an action is the existence of a state of facts which entitles the plaintiff to the relief claimed. Any state of facts which entitles the plaintiff to that relief shows a cause of action." *Wildman* v. *Wildman*, 70 Conn. 700, 710, 41 Atl. 1. In this case the original cause of action was founded in tort. It set out a "right belonging to the plaintiff and some wrongful act or omission done by the defendant, by which that right has been violated." *Ibid.*, p. 708. The right of the plaintiff was his right to a specified sum of money; the wrongful act of the

defendant was her obtaining of this money by undue influence and her conversion of this money to her own use. We said in *Payne's Appeal*, 65 Conn. 397, 407, 408, 32 Atl. 498: "In the case of a tort directly resulting in the wrongful acquisition of property, the law imposes on the wrong-doer the duty of returning that property to the owner; this duty may be treated as a *quasi* contract, and the neglect to perform it may become a breach of such contract; in such case the damage resulting from the tort is substantially the value of the property, and the damage resulting from the breach of contract is substantially measured in the same way; and so for determining the question of survival, the substantial cause of action may properly be treated as founded in contract, although the form of action might sound in tort. . . . A safe test, therefore, for determining the survival of an action on the ground of the substantial cause of action being such *quasi* contract is—did the wrong-doer acquire specific property by which, or by the proceeds of which, the assets in the hands of his executor have been increased? And so, in *Phillips* v. *Homfray* [L. R. 24 Ch. Div. 439], the court says: 'In such cases the action though arising out of a wrongful act does not die with the person. The property, or the proceeds or value, which in the lifetime of the wrong-doer could have been recovered from him, can be traced after his death to his assets and recaptured by the rightful owner there.'" Upon this principle, this cause of action, although originally founded in tort, survived against the administrator of the deceased defendant's estate as a substantial cause of action properly to be treated as founded in contract. To this cause of action, another cause of action to recover the same money upon a claim arising out of the same transaction and founded upon contract, could be joined.

It appears in the record of this case that after the original defendant had filed her answer to the complaint and within six weeks after her death, an administrator of her estate, upon his own motion and without process or suggestion made by the plaintiff, was substituted as defendant by order of the court, and that about six months afterward another person, apparently as successor, was entered as administrator in the same manner. Then the real plaintiff was substituted for his conservator as plaintiff. But during these changes the original answer was never withdrawn or changed. Subsequently the additional count of the complaint was filed and answered by the then defendant administrator with a general denial. In this condition of the action, and for the reasons we have already given, we do not hesitate to hold that the plaintiff's cause of action survived, and that the amendment of the complaint, setting out only another claim of the plaintiff which was based upon the same facts and arose out of the same transaction, was properly permitted.

The appellant further claims that the court erred in omitting to instruct the jury that, in order to render a verdict for the plaintiff against the defendant administrator, it was necessary that evidence should be produced showing that the claim sued upon was exhibited and presented in writing by the plaintiff to the administrator within the time limited by the Court of Probate for exhibiting and presenting claims against the estate of the original defendant in this suit, Emma C. Bailey. To support this claim he cites § 4983 of the General Statutes, which declares that any creditor who shall fail to so exhibit his claim shall be forever barred of his demand against said estate; and the claim shall be in writing, § 4984.

It would be enough to say, concerning this assignment of error, that it appears on the record that no such

question was raised on the trial, and therefore this court is not bound to give it any consideration. General Statutes, § 5837; *Cone* v. *Dunham*, 59 Conn. 145, 163, 20 Atl. 311; *Cole* v. *Jerman*, 77 Conn. 374, 59 Atl. 425. Neither count of the complaint contained an allegation that the plaintiff had exhibited his claim to the administrator within the time limited by the Court of Probate, and that it had been disallowed. If that allegation was essential, the defendant should have demurred to each count of the complaint. If by reason of his failure to exhibit his claim the plaintiff was barred in this suit by this statute, the defendant should have filed a plea in bar setting forth the plaintiff's omission. It was a fact consistent with the plaintiff's statement of facts; but showing, notwithstanding, that he had no cause of action. Therefore it should have been specially alleged. General Statutes, § 5632; Practice Book, 1908, p. 250, § 160. He filed a general denial of the allegations of the first count with two special defenses in which the plaintiff's failure to exhibit his claim was not set up; and his answer to the second count was a general denial only. Therefore this omission of the plaintiff was not an issue in this suit, either as a matter of avoidance or of defense or as a matter of law. But such a fact could be "an effectual bar to the proceeding" only "if properly set up." General Statutes, § 5632; *Beard's Appeal*, 78 Conn. 481, 483, 62 Atl. 704; *Libretto* v. *Serifini*, 92 Conn. 380, 102 Atl. 767; *Hendrick* v. *Lowe*, 85 Conn. 635, 84 Atl. 89.

The appellant, however, now asserts that the restriction imposed by this statute is "the law of the land," and was controlling in the determination of this case; and therefore it was the duty of the trial court, of its own motion, to instruct the jury that it must be shown by the evidence that this claim had

been exhibited in the manner prescribed by this
statute. But this statute was not "the law of the
land" which the court was bound to know and apply
in this case. *Cunningham* v. *Cunningham*, 72 Conn.
157, 160, 44 Atl. 41. Its purpose was to facilitate the
settlement of the estates of deceased persons, by
promptly determining the part that is to be distributed
under a title that shall not be assailed by a creditor of
the estate. The meaning of this statute is that, if
such a creditor should fail to so present his claim, and
should subsequently attempt to collect it from the
estate, his omission to present it, if properly set up, is
an effectual bar to the proceeding *Beard's Appeal*,
78 Conn. 481, 483, 62 Atl. 704. This suit is not a sub-
sequent attempt to collect a claim against an estate.
When it was begun, the plaintiff was not a creditor
of the estate of a deceased person who had previously
failed to present his claim against the estate within the
limited time. This suit was brought against a living
individual during her lifetime to collect a claim against
her personally; and she appeared personally and joined
issue. By her death, the cause of action was not lost
nor destroyed nor even suspended. By the express
terms of our statute (§ 6177), it survived and was
continued against her administrator. If he had not
voluntarily entered the action, he might have been
summoned in by writ of *scire facias* "to show cause
why judgment should not be rendered against him,"
and upon return of this writ, the action might have
proceeded in the same form and in the same manner as
if the defendant had lived to carry it on. This statute
provides, not for the revival of such an action as
might have been prosecuted against an executor or
administrator, nor for the substitution of a new action
of any kind. In unlimited terms, it affirmatively
declares that a plaintiff may continue his pending

action. *Craig* v. *Wagner*, 88 Conn. 100, 103, 106, 89
Atl. 916. It was of no importance that the adminis-
trator, as he had the right to do, waived the service
of *scire facias* and applied to be substituted for the
original defendant. He stepped into her place and took
up only the same responsibilities and only the same
rights that she had had. He could use no weapon nor
shield which had not been in the deceased defendant's
hands. The identity of the real defendant was not
changed. Nothing that either party did or omitted
to do after the death of the original defendant could
have any effect or influence upon this action which it
could not have had if she had continued to live. This
administrator voluntarily and properly appeared in a
pending action and upon his motion was substituted
for the original defendant, took her stand upon the
issues already made in the pleadings, joined issue upon
the count subsequently added to the complaint, and
went to trial upon the validity of the plaintiff's claim
without other objection. When he thus submitted to
the jurisdiction of the court within six weeks after the
death of the original defendant, he had within his
reach all the information concerning this claim which
could be of use to him in settling the estate promptly,
efficiently and finally. A previous written notice of
this claim could not have given him greater assistance,
or better have served the purpose which the statute
was designed to effect. *Pike* v. *Thorp*, 44 Conn. 450;
Cleaveland, Hewitt & Clark's Probate Law & Prac-
tice, p. 253. There is no reason for the application
of this statute to a claim which has already been
presented to a person in a suit pending at the
time of his death, in which his administrator is after-
ward substituted as defendant, either by his own mo-
tion or by process of *scire facias* under the statute of
survival of actions. The terms of the Act plainly

indicate that no such application was intended. Therefore the court committed no error in omitting to give the jury any instruction concerning this matter.

The record discloses that by the amendment the second count was added to the complaint, and did not set forth another or substituted cause of action for that set forth in the first count. For the reasons we have already stated, both counts were parts of one complaint in which the plaintiff sought to recover, under one or the other count, upon claims arising out of the same transaction. Hence the issues of fact under both counts were properly submitted to the jury, for them to determine whether the plaintiff should recover under one or the other, but not under both.

There is no error.

In this opinion the other judges concurred.