JAMES J. GRADY ET AL. *v.* MARY L. KENNEDY ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 4—decided July 24, 1958

*Charles M. Lyman,* with whom was *William H. Kingston,* for the appellants (plaintiffs).

*William K. Bennett,* with whom was *Leon E. McCarthy,* for the appellees (named defendant et al.).

DALY, C. J.   In their complaint, dated April 17, 1957, the plaintiffs, husband and wife, alleged that the named plaintiff and the defendants were the heirs-at-law of Matthew Minch, who died on December 26, 1956; that the named defendant, in addition to being an heir-at-law, was the administratrix of the estate of the decedent; that on March 24, 1955, the decedent, being the owner of land and buildings in Ansonia, requested the plaintiffs to live with him on his property and make a home for him; that as an inducement to them he promised that he would give them the property by deed or will; that in reliance upon his promise they went to live with him; that from March 24, 1955, until his death they paid for the upkeep of the property, furnished his meals, looked after him and made a home for him; that on several occasions after March 24, 1955, he reiterated to them and others his intention that they, the plain-

tiffs, should become the owners of his property; and that he did not execute a deed of the property to them or devise it to them by will. They prayed a decree authorizing and directing the administratrix to execute and deliver to them a good and sufficient deed of the property, or a decree vesting title to it in them. Only five of the defendants have pleaded. Those five, including the named defendant, are hereinafter referred to as the defendants. They filed a demurrer to the complaint.[1] The applicable portion of § 2935d of the 1955 Cumulative Supplement to the General Statutes is printed in the footnote.[2]

On November 19, 1957, the court sustained the demurrer upon the first ground stated therein. The plaintiffs thereafter, on December 10, 1957, filed a

---

[1] "DEMURRER

1. There is no allegation in the Complaint that a claim was filed in accordance with section 2935D of the 1955 Supplement to the Connecticut General Statutes which expressly prohibits a suit by any creditor of any deceased person whose estate is in the process of settlement as a solvent estate within the period allowed by the Court for the presentation of claims, unless written notice of a total or partial disallowance of his claim shall have been given by the executor or administrator of the estate.

2. There is no allegation in the Complaint that the agreement referred to therein is in writing and it is therefore insufficient to comply with the requirements of the Statute of frauds."

[2] "Sec. 2935d. SUIT AGAINST SOLVENT ESTATE. SUSPENSION OF LIMITATION PERIOD. No suit by any creditor of any deceased person whose estate is in process of settlement as a solvent estate shall be commenced against an executor or administrator within the period allowed by the court for the presentation of claims against such estate, unless written notice of a total or partial disallowance of his claim shall have been given by the executor or administrator of such estate. Unless such creditor shall commence a suit against such executor or administrator within four months after written notice shall have been given him by the executor or administrator that his claim is disallowed, wholly or in part, he shall be barred of his claim against such estate, except such part as shall have been allowed . . . ."

pleading denominated a supplemental complaint.[3]

"SUPPLEMENTAL COMPLAINT

1. Since the commencement of the above entitled action (in which action relief in equity only is claimed in the original complaint) plaintiffs have filed with Mary L. Kennedy, Administratrix of the Estate of Matthew Minch, a claim in writing of which a copy is attached, annexed, incorporated herein, and marked Exhibit A.

2. Said claim was filed within the time limited by the Court of Probate for the presentation of claims against said estate.

3. The time so limited has expired.

Plaintiffs claim alternative damages of $6,500 in the event that equitable relief is denied.

EXHIBIT A.

116 North State Street,
Ansonia, Connecticut,
April 25, 1957.

Mary L. Kennedy,
Administratrix of the Estate of Matthew Minch,
51 Garden Street,
Ansonia, Connecticut.

Dear Mrs. Kennedy:

We are writing in order to present our claim to you as Administratrix on the estate of the late Matthew Minch in the amount of $6,000.

This claim is based on the reasonable value of services rendered to the decedent from March 24, 1955 to December 26, 1956, and upon money expended for the benefit of the decedent. These services consisted of looking after and caring for the decedent, furnishing his meals, paying all of the expenses of upkeep of property at 116 North State Street, Ansonia, Connecticut, except the local taxes, making improvements and repairs to said property, providing the decedent with certain expenses, taking care of his laundry and in general making a home for him. We have received no compensation of any kind for these services and believe that they are reasonably worth $6,000, including the amounts spent for the benefit of the decedent. Furthermore, these services were rendered with the expectation of all parties that compensation would be paid and upon the express promise of the decedent to transfer said property to us by deed or by will.

This claim is presented in order to protect our rights to compensation in the event that we are unsuccessful in obtaining a conveyance of said property as a result of the civil action brought by us against Mary L. Kennedy et als., returnable to the Superior Court at New Haven on the first Tuesday of May, 1957. In the event that we obtain a final judgment in our favor in said action this claim will be withdrawn.

If there are any questions concerning the foregoing, please take

The defendants filed a demurrer to the supplemental complaint.[4] After this demurrer had been sustained, the court granted the plaintiffs' motion "that judgment be entered for said defendants in order that an appeal may be taken to the Supreme Court of Errors from the sustaining of said demurrers" and rendered judgment for the defendants. The plaintiffs have appealed. They claim that the court erred in sustaining the demurrer to the original complaint, in sustaining the demurrer to the supplemental complaint and in rendering judgment for the defendants.

As the very term "supplemental" implies, the supplemental complaint must contain only facts which relate to, and are in aid of, the cause of action set forth in the complaint supplemented. 41 Am. Jur. 477, § 264. The original complaint, which contained no allegation that a claim had been presented to the administratrix, purported to set forth an equi-

---

them up with our attorney, William H. Kingston, 290 Main Street, Ansonia, Connecticut.

Very truly yours,
JAMES J. GRADY,
ELSIE GRADY."

[4] "DEMURRER

1. There was no claim presented by the Plaintiffs to Mary L. Kennedy, administratrix of the Estate of Matthew Minch, when the action was initiated and served and therefore . . . the action has no standing in Court.

2. No claim for the conveyance of the premises was ever presented and disallowed in whole or in part as per 2935D before the present action was instituted, which procedure is necessary as a condition precedent to suit.

3. A claim referred to by the Plaintiffs in their Supplemental Complaint, was never a subject of the original action and had never been allowed or disallowed by the administratrix in order to form the basis of a suit as per Statute.

4. The only claim ever filed with the administratrix was a claim for money for services rendered, which claim cannot be made part of the present action and therefore the Complaint in the above entitled case is null and void."

table cause of action not barred by the provisions of § 2935d. When a demurrer to the whole or a portion of a pleading which purports to state an entire cause of action is sustained, the sustaining of the demurrer removes from the case the cause of action demurred to. Practice Book § 98. "Whenever, after a demurrer sustained, the complaint or pleading demurred to is amended or a substitute filed, that demurrer and the pleading to which it relates are taken out of the case. The filing of the amendment or substitution, as the case may be, is a withdrawal of the first." *Eames* v. *Mayo,* 93 Conn. 479, 489, 106 A. 825; Maltbie, Conn. App. Proc., § 48. The plaintiffs, by filing the supplemental complaint, waived their right to claim that the court erred in sustaining the demurrer to the complaint. Therefore we do not consider the plaintiffs' first assignment of error.

In their second assignment of error, the plaintiffs claim that the court erred in sustaining the demurrer to the supplemental complaint. They assert that their purpose in filing the supplemental complaint was to set up facts occurring after the commencement of the action. They contend that the filing of the supplemental complaint was, in effect, the commencement of a new action based on the facts alleged to have occurred after the commencement of the action; that by filing the supplemental complaint on December 10, 1957, they instituted a new action on that date; and that, since the time limited for the presentation of claims had then expired, written notice of disallowance was not required by the statute. As support for their claim that they instituted a new suit on December 10, 1957, they rely upon *Kelsall* v. *Kelsall,* 139 Conn. 163, 90 A.2d 878, an action for divorce brought on the ground of intolerable cruelty.

The plaintiff in that case, with the permission of the court and after service of an amendment to the complaint, filed the amendment, which contained a second count alleging desertion. We said (p. 165): "An amendment to a complaint relates back to the institution of the action for some purposes; . . . but when it sets up a new and different cause of action it speaks as of the date when it is filed. . . . A cause of action must arise from a single group of facts. . . . An amendment to a complaint for divorce on the ground of intolerable cruelty which sets up desertion in a new count is the statement of a new cause of action."

We have to determine in the instant case whether the filing of the supplemental complaint had the effect of stating a new cause of action. No new count clearly setting forth a new cause of action was added, as was done in the *Kelsall* case, supra. The allegations of the supplemental complaint do not by themselves set forth any cause of action. The supplemental complaint does not incorporate by reference or otherwise pertinent allegations of the original complaint. It seeks legal relief only as an alternative to the equitable relief sought in the original complaint. It cannot be construed to have the effect of starting a new action but only as an attempt to add another claim for relief to an action begun before any claim was presented and before the expiration of the time limited for the presentation of claims. *Reilly* v. *Antonio Pepe Co.*, 108 Conn. 436, 445, 143 A. 568. Therefore the requirements of § 2935d were not met, and the court was correct in sustaining the second demurrer.

There is no error.

In this opinion the other judges concurred.