ROBERT J. LUBAS ET AL. v. MARYANN C. McCUSKER
ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, JS.

Argued November 4—decided December 22, 1965

*Frank A. Francis,* with whom were *Walter L. Galuszka* and, on the brief, *Thomas J. Sullivan,* for the appellants (plaintiffs).

*Thomas J. Hagarty,* for the appellee (defendant Collins, administrator).

KING, C. J. The named plaintiff, hereinafter referred to as the plaintiff, was a minor who instituted this action through his father, as next friend, to recover damages for personal injuries claimed to have been sustained on May 19, 1963, while he was riding as a passenger in a car, then being operated in a northerly direction by Richard J. Capasso, which crossed an esplanade and collided with an oncoming southbound car operated by the defendant Gerald L. Benard.

Capasso, hereinafter referred to as the decedent, died on the day of the accident, as a result of injuries therein sustained, and the plaintiff instituted this action on May 18, 1964, against the defendant Thomas W. Collins, hereinafter referred to as the defendant, as he was the administrator of Capasso's estate. For the purposes of this appeal, it is unnecessary to consider the allegations of the first count of the complaint against any defendant other than Collins, or the allegations of the second count of the complaint in which the plaintiff's father, as a plaintiff in his own right, sought recovery for medical, surgical and hospital expenses incurred by him in the care and treatment of his minor son.

The Probate Court for the district of Hartford, on May 14, 1964, had appointed Collins as administrator of the decedent's estate, but it failed to order any limitation of time within which claims against the estate should be exhibited to the administrator, as authorized by General Statutes § 45-205, as amended by No. 217 of the Public Acts of 1963. 2 Locke & Kohn, Conn. Probate Practice § 291.

The amended substituted complaint alleged that

pursuant to § 45-210 of the General Statutes notice of the plaintiff's claim had been given the defendant, as administrator, on November 12, 1964, which was after suit had been brought.

To the complaint, embracing allegations setting forth, inter alia, the foregoing facts material to this controversy, the defendant interposed the demurrer quoted in the footnote.[1]  The court sustained the demurrer, the plaintiff failed to plead over, and from the judgment for the defendant after demurrer sustained, this appeal is taken.  Under our rule "[e]ach demurrer shall distinctly specify the reason or reasons why the pleading demurred to is insufficient." Practice Book § 107; *Turrill* v. *Erskine,* 134 Conn. 16, 19, 54 A.2d 494.  It is obvious that the demurrer in this case is fatally defective for lack of specificity in that it fails to point out what facts the plaintiff should have alleged to show compliance with either of the statutes referred to in the demurrer. Ibid.; Stephenson, Conn. Civil Procedure § 92.  The court was in error in sustaining the demurrer.

To expedite the ultimate disposition of this case, we are led to consider certain claims of law, made by the defendant in his brief in this court, which the memorandum of decision of the trial court indicates induced it to sustain the demurrer.  The memorandum indicates that the decision was based on three main reasons, none of which, as already pointed out, was specified in the demurrer.

The first reason was the failure of the complaint to allege that any claim had been presented to the

---

[1] "The defendant THOMAS W. COLLINS, ADMINISTRATOR OF THE ESTATE OF RICHARD J. CAPASSO, demurs to the Substitute Complaint as amended and as reason therefor assigns the fact that it does not allege facts showing compliance with Sections 45-205 and 45-210 of the Connecticut General Statutes."

administrator prior to the institution of suit. The plaintiff had no duty to present such a claim because of the failure of the administrator to procure from the Probate Court any order as to the limitation of claims under the so-called Statute of Nonclaim, § 45-205. The purpose of that statute, implemented by § 45-210, is to permit the speedy settlement of estates. Where made applicable by the entry of a proper order of limitation, the Statute of Nonclaim is an absolute bar to the maintenance of an action on an antemortem claim for money damages, such as the plaintiff's claim in this case,[2] unless the claim has been properly presented. 2 Locke & Kohn, Conn. Probate Practice § 470, p. 495, § 472, p. 501. Here, because of the failure of the Probate Court to make an order of limitation, the Statute of Nonclaim never became applicable. Neither *Grant* v. *Grant,* 63 Conn. 530, 29 A. 15, nor *Raymond* v. *Bailey,* 98 Conn. 201, 118 A. 915, the two cases on which the court seems to have principally relied, gives any support to the court's position. In *Grant,* an administratrix had been appointed. *Grant* v. *Grant,* supra, 537. The court went on correctly to hold that a suit could not be instituted unless a claim had been presented to the administratrix as "required by General Statutes [Rev. 1888], § 581." Id., 546. That statute, which has not been changed in any respect material to this controversy, is now § 45-205, which, for the reasons already pointed out, was never applicable to this plaintiff's claim.

The *Bailey* case involved the survival of an action instituted during the decedent's lifetime and, after

---

[2] This case does not involve the type of claim which in no event need be presented. See cases such as *Padula* v. *Padula,* 138 Conn. 102, 105, 82 A.2d 362; *Dennen* v. *Searle,* 149 Conn. 126, 140, 176 A.2d 561.

her death, continued against her administrator. *Raymond* v. *Bailey,* supra, 210. No action on an antemortem claim against a decedent was involved, and the nonclaim statute had no application to such a proceeding. Id., 211. Neither the *Grant* case nor the *Bailey* case gives any support to the court's conclusion. *Grady* v. *Kennedy,* 145 Conn. 579, 585, 145 A.2d 124, and *Beard's Appeal,* 78 Conn 481, 483, 62 A. 704, like *Grant* v. *Grant,* supra, involved a failure to present an antemortem claim where the nonclaim statute had been made applicable. Neither case lends any support to the defendant's contentions.

The court also seems to have held, as a second reason for sustaining the demurrer, that it was the burden of the claimant to compel the administrator to proceed to settle the estate in a proper way by himself procuring the order limiting the time for presentation of claims and thereby making applicable the Statute of Nonclaim, and that in failing so to do the claimant was negligent in a manner fatal to his right to institute an action on his claim. This conclusion is erroneous. The estate is the principal beneficiary of such an order, and it is the duty of the administrator himself properly to settle an estate. See cases such as *Winchell* v. *Sanger,* 73 Conn. 399, 406, 47 A. 706. That is not a burden ordinarily thrust upon an antemortem claimant.[3]

Of course the running of the Statute of Limitations applicable to an action such as this (General Statutes § 52-584) was suspended from the date of

---

[3] This burden is to some extent imposed on an antemortem claimant when his claim is based on a statutory cause of action which embodies a special limitation of time in which suit must be brought, such as, for instance, our wrongful death statute. This is explained in *Baker* v. *Baningoso,* 134 Conn. 382, 385, 58 A.2d 5, and in 2 Locke & Kohn, Conn. Probate Practice § 484.

the decedent's death until the appointment of the administrator. *Mason's Appeal,* 75 Conn. 406, 409, 53 A. 895; *International Tool & Gauge Co.* v. *Borg,* 145 Conn. 644, 645, 145 A.2d 750; see also General Statutes § 45-210. And even when applicable, such a statute of limitations must be pleaded in a special defense. Practice Book § 120; *Rosenblatt* v. *Berman,* 143 Conn. 31, 40, 119 A.2d 118. It is hardly necessary to point out that there is no justification for a claim of laches, nor was one made. See cases such as *Hewitt* v. *Beattie,* 106 Conn. 602, 604 n. question M, 626, 138 A. 795; *Gay's Appeal,* 61 Conn. 445, 451, 23 A. 829; *Owens* v. *Doyle,* 152 Conn. 199, 207, 205 A.2d 495.

As a third reason for sustaining the demurrer, the court seems to have relied on a sentence added to § 45-210 by No. 219 of the 1959 Public Acts, which reads as follows: "This section [45-210] shall not apply to any claim founded in tort, provided written notice thereof shall be given to the executor or administrator." One obvious purpose of this amendment was to free an antemortem tort claimant from the necessity, otherwise imposed by § 45-210 (where it has been made applicable by an appropriate order under § 45-205), of awaiting the expiration of the time limited for the presentation of claims, or a disallowance of his claim by the executor or administrator, before instituting suit. See cases such as *International Tool & Gauge Co.* v. *Borg,* supra, 646.

Since, as already pointed out, the plaintiff was entitled to sue as he did without presenting any claim, his presentation of a claim in this action, after institution of suit, was unnecessary and innocuous under the procedure followed by the Probate Court in failing to enter an order limiting a time for the presentation of claims. Except in the most

unusual situations, the Probate Court should promptly enter such an order at the time of appointment and qualification of an executor or administrator. See 2 Locke & Kohn, op. cit. §§ 491, 492.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer of the defendant Thomas W. Collins, administrator.

In this opinion the other judges concurred.