THELMA GOLDSTEIN *v.* NATHAN S. ANCELL ET AL., EXECUTORS (ESTATE OF WILLIAM G. GOLDSTEIN), ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 146148

Memorandum filed May 24, 1966

*Harry L. Nair,* of Hartford, for the plaintiff.

*Sudarsky & Sudarsky,* of Hartford, for the defendant executors.

*Gross, Hyde & Williams,* of Hartford, for the defendant Dime Savings Bank of Hartford.

PALMER, J. The purpose of this action is to compel the defendant executors of the estate of William G. Goldstein to pay the amount of the balance due on a mortgage on real estate which was executed by the decedent on property now owned by the plaintiff.

The following facts are alleged in the complaint: On February 28, 1957, the decedent borrowed $25,000 from the defendant bank and executed a note for that amount which the bank holds. On the same day, to secure the note, the decedent mortgaged to the defendant bank real estate known as 16 Kirkwood Road, West Hartford. On October 1, 1958, the decedent conveyed the premises to Helen Kirby, a "straw man" who, on the same day, conveyed the property to the decedent and his wife, the plaintiff, as joint tenants with the right of survivorship, by virtue of which the plaintiff became, at the death of the decedent, the sole owner of the real estate. At that time there was an unpaid principal balance of $17,993.24 due to the defendant bank on the mortgage. The plaintiff had not received any of the proceeds of the mortgage and was not indebted to the defendant bank.

The plaintiff made formal demand on the defendant bank, requesting it to file a claim against the decedent's estate for the unpaid principal balance of the mortgage, but the defendant bank refused to do so. Within the time limited for the presentation of claims, the plaintiff filed a claim with the defendant executors "demanding that they exonerate

the plaintiff and the property securing said mortgage note from any and all payments on account of the unpaid balance due on said mortgage." The defendant executors have refused to exonerate the plaintiff or the property from the payment of the mortgage note and the lien of the mortgage.

The plaintiff seeks (1) $20,000 damages; (2) a decree directing the executors to exonerate the real estate by payment of the mortgage; and (3) a decree directing the bank to accept payment from the executors in exoneration of the mortgage.

The demurrer of the defendant executors appears to be based on the fact that the plaintiff has not alleged a "specific devise of real estate by will which might require payment of an existing mortgage debt by said executors or require them to exonerate a devisee." As stated in the plaintiff's brief, the issue is "[w]hether any duty exists on the part of the executors to pay this mortgage debt in view of the fact that the property was acquired by the plaintiff as a surviving joint tenant rather than by testamentary devise."

The plaintiff's argument is "that the mortgage debt in this case is the sole and primary obligation of the testator. If the [defendant] bank had presented a claim based on this mortgage there is no doubt the [defendant] executors would have been under a duty to pay it. By the same token, the plaintiff submits that the executors are still obligated by the law to pay the decedent's debts and this includes the mortgage debt on the property which came to his widow by survivorship."

There is no question that the mortgage debt here in question was the primary obligation of the decedent and that the defendant executors would have been obliged to pay the same if it had been presented

by the defendant bank. For whatever reason, the bank neglected or refused to present the claim. In effect, unless the plaintiff can obtain relief in this action, the bank will be the arbiter of the plaintiff's rights. If the bank presents its claim for the mortgage debt, the plaintiff will have the real estate free and clear of the mortgage. If the bank withholds presentation, as it has done here, then the plaintiff will be obliged to pay the mortgage debt to save her real estate. Obviously, the bank should not have such power, which may be exercised arbitrarily at its whim or caprice.

In *Brainerd* v. *Cowdrey,* 16 Conn. 1, the testator bequeathed certain bank stock which was mortgaged the day the will was made. The court said (p. 7): "It is the duty of the executor to pay all the debts, without reference to any collateral security existing . . . ." "In the case of a devise by a testator . . . of land . . . [in this state], it is settled that the executor is under a duty, unless a contrary intent is expressed in the will, to pay a debt secured by a mortgage given by the testator upon the real estate. . . . The basis of the doctrine is the presumed intention of the testator . . . ." *Higinbotham* v. *Manchester,* 113 Conn. 62, 66. Even where the testator's will contained no direction for the payment of debts, the Supreme Court applied the same rule, saying "that a devise of real estate encumbered by a mortgage 'prima facie imports an intention that such debts shall be satisfied out of the general personal assets.'" Ibid.

In the case at bar, the real estate subject to mortgage was not devised to the plaintiff. Rather the decedent had prior to his death created a joint tenancy in his wife, the plaintiff, and himself, with the right of survivorship. The decedent knew, or at least must be presumed to have known, that upon

his death the fee in the real estate would vest in his wife, subject to the mortgage. The result would be exactly the same as if he had specifically devised the property to her. This being so, why should he not be presumed to have the same intention as he is presumed to have in the case of a specific devise subject to mortgage, namely, that the debt be satisfied out of the general personal estate?

In *Jacobs* v. *Button*, 79 Conn. 360, the testator quitclaimed his interest in mortgaged premises to an employee. The court held (p. 365) that it was the duty of the executor to pay the mortgage debts and so discharge the mortgage liens. In *Beard's Appeal*, 78 Conn. 481, the testator owned land which he had mortgaged. He died intestate, and title to the land vested in his heirs. The administrator paid $1800 on the principal of the mortgage notes even though no claim therefor was presented. The Probate Court disallowed a credit for this payment. The Supreme Court disapproved the action of the Probate Court and referred (p. 484) to "the rule of law that any such indebtedness must be discharged from the general personal estate." In *Connelly* v. *Wells*, 142 Conn. 529, the plaintiff's husband owned insurance on his own life policies under which his wife was beneficiary. He assigned them to the bank to secure his promissory notes. After the husband's death, the bank presented its claim against his estate, and it was allowed. The court held that the tax commissioner must allow the balance due as a deduction from the gross taxable estate because it was a debt of the decedent which constituted a lawful claim against his estate. The court said (p. 534) that "the debt, no matter how secured, is nonetheless a debt."

The court is satisfied that the defendant executors are under a duty, unless a contrary intent

appears in the will, to pay the mortgage debt here in question. No reference to the will is made in the complaint, and it is therefore not possible upon the face of the complaint to make a determination that the decedent did or did not intend to have the debt paid out of his estate.

The court has not overlooked the fact that a paragraph of the demurrer "alleges" that the decedent's will "excepts payment of 'any other debts which may be secured by mortgage on any real estate of which I may die seized.' " Such an "allegation" is improper. "A demurrer must stand or fall on the legal sufficiency of the facts alleged in the pleading demurred to. No additional facts can be introduced by the demurrer." Stephenson, Conn. Civ. Proc. § 94c. The court may not, therefore, consider the reference to the decedent's will.

The demurrer is overruled.