[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT ADMINISTRATRIX'S MOTION TO DISMISS
In this action, the plaintiff seeks to recover damages for injuries sustained in an automobile accident which occurred on April 10, 1988. The defendants originally named were Leocadio Castillo, a nonresident operator of the vehicle in which the plaintiff was a passenger and Fernando Consome, the owner of a vehicle which was parked on the highway and which was struck by the Castillo vehicle. Leocadio Castillo, who was the plaintiff's husband, died on April 29, 1988, shortly after the accident.
On March 28, 1990, the writ was served on the Commissioner of Motor Vehicles and a copy was sent by certified mail, according the sheriff's return, to: "Leocadio Castillo, 449 Torry Ave., Bronx, New York, 10473." The original writ, summons and complaint was filed in this court on March 30, 1990.
On May 11, 1990, Gladys Almanzar was appointed administratrix of the estate of Leocadio Castillo. On September 10, 1990, the court granted the plaintiff's motion to substitute the administratrix as a party defendant. CT Page 886
On October 3, 1990, a copy of the writ, summons, amended complaint, motion to substitute and the order was served, according to the sheriff's return, by leaving a copy with the Commissioner of Motor Vehicles and mailing a true copy to Gladys Almanzar at 449 Torry Avenue, Bronx, New York.
The defendant administratrix has filed a motion to dismiss on the grounds of insufficiency of process and insufficiency of service of process. The defendant argues that the original service on March 28, 1990 was defective because plaintiff attempted to serve a defendant (her deceased husband) who had died nearly two years before. That service being invalid, the substitution of the administratrix did not cure the defective original service.
The plaintiff maintains that the service was proper in each circumstance. The March 28, 1990 service complied with the statutory requirements and was proper because no administrator or executor had been appointed. The plaintiff further argues that the service on October 3, 1990 upon the commissioner and Gladys Almanzar, following her substitution as a party defendant, is valid.
The relevant statute for service upon a nonresident is:
 Sec. 52-62. Service Upon Nonresident For Negligent Operation of A Motor Vehicle. (a) Any nonresident of this state who causes a motor vehicle to be used or operated upon any public highway or elsewhere in this state shall be deemed to have appointed the commissioner of motor vehicles as his attorney and to have agreed that any process in any civil action brought against him on account of any claim for damages resulting from the alleged negligence of the nonresident or his agent or servant in the use or operation of any motor vehicle upon any public highway or elsewhere in this state may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally.
Further, Upon the death of such nonresident defendant, the statute provides for service as follows:
 (b) The death of such nonresident, whether before or after the commencement of a civil action, shall not operate to revoke the appointment of the commissioner of motor vehicles as his attorney for service of process. If the process is served upon the commissioner of motor vehicles and a true and CT Page 887 attested copy thereof is sent to the administrator, executor or other legal representative of the deceased nonresident in accordance with the provisions of this section, the service shall have the same validity as if made upon the administrator, executor or legal representative personally.
Whether of not the service of process on March 28, 1990 was defective, the service of process on October 3, 1990 complied with the statutory mandate.
Although General Statutes Sec. 52-584 provides for a two year statute of limitations for personal injury actions, this action, nevertheless, is not barred even though the service on October 3, 1990 was a complaint for personal injuries sustained on April 29, 1988. The reason is that the administratrix was appointed on May 11, 1990.
"Of course the running of the Statute of Limitations applicable to an action such as this (General Statutes 52-584) is suspended from the date of the decedent's death until the appointment or the administrator." Lubas v. McCusker, 153 Conn. 250,255-56, 216 A.2d 289 (1965).
The motion to dismiss is denied.
NIGRO, J.