[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a general partnership, filed a six count amended complaint against the defendant, a religious non-profit corporation, on June 21, 1991. The plaintiff makes the following allegations in its complaint. The plaintiff was contacted by the defendant for information and advice on obtaining property on which to open a residence for mentally ill persons. The defendant represented to the plaintiff that it would be seeking a ten year lease. In reliance on these representations, the plaintiff purchased a property suitable to the defendant, mortgaging the property in the amount of 1.3 million. The plaintiff further made extensive repairs to the property in order to make such property suitable for mentally ill persons.
The plaintiff further alleges that defendant only entered into a one year lease, and that during its tenancy great damage was done to the property by the mentally ill patients. The defendant has allegedly failed to pay the plaintiff for any of the damage, as defendant promised to do in the lease, and the plaintiff has been unable to re-rent the property because of the damage. The sixth count of the complaint uses these allegations to claim a violation of the Connecticut Unfair Trade Practices Act CT Page 268 ["CUTPA"].
The defendant filed a motion to strike the sixth count on November 29, 1991. The ground as stated in the motion is that "In facts provable under the allegations of the plaintiff's complaint do not support a cause of action on which relief may be granted" under CUTPA. The plaintiff objects to the motion and both parties have filed supporting memoranda of law.
In judging a motion to strike, the factual allegations in the complaint are accepted as true and construed in the plaintiff's favor. Mozzochi v. Beck, 204 Conn. 490, 491 (1987). Practice Book Section 154 "requires that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each claimed insufficiency." Norris v. Hartford Courant Co., 200 Conn. 676,683 n. 5 (1986). A motion which fails to specify the claimed insufficiency is "fatally defective". Id., quoting Lubas v. McCusker, 153 Conn. 250, 253 (1965). Furthermore, although a motion to strike is required to be accompanied by a memorandum of law, this "does not dispense with the requirement of Section 154 that the reasons for the claimed pleading deficiency be specified in the motion itself." King v. Board of Education, 195 Conn. 90,94 n. 4 (1985).
Therefore, this court could rule that the defendant's motion is defective and not reach the merits of the arguments. However, because the plaintiff has not objected to the form of the motion; see Norris, supra; the court will consider the merits of the motion to strike.
The defendant argues in its memorandum that the plaintiff's allegations cannot rise to a CUTPA violation because it was only a one-time transaction, there has been no demonstration of a nexus with the public interest and that there has been no demonstration of substantial injury to consumers. The plaintiff argues that none of these are necessary to plead a CUTPA violation.
The defendant correctly argues that Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528 (1983) held that a plaintiff claiming a CUTPA violation must demonstrate some nexus with the public interest. Id., 537. The defendant, however, fails to note that this requirement was legislatively overruled via Public Act 84-468. General Statutes Section 42-110g(a) states that "[p]roof of public interest or public injury shall not be required in any action brought under this section." (emphasis added). Thus, this argument by the defendant is without merit.
"A Significant number of Superior Court decisions have held that a litigant does not have to allege more than a single transaction in order to bring a CUTPA claim. Levesque v. Kris CT Page 269 Enterprises, 4 Conn. L. Rptr. 107, 108 (May 20, 1992, Susco, J.). Accord, Ransam v. Amarlink, Ltd., 3 Conn. L. Rptr. 491 (April 8, 1991, Dranginis, J.); Allison v. Widder, 1 Conn. L. Rptr. 100
(April 30, 1990, Cioffi, J.); Judge v. Housemaster of America,2 CSCR 421 (March 9, 1987, Gill, J.); Thompson v. Colasanto,2 CSCR 229 (December 8, 1986, Goldstein, J.). Indeed, the overwhelming majority of Superior Courts have held that a single act is sufficient for liability under CUTPA. Therefore, the defendant's argument that the alleged acts were a one-time transaction is not sufficient ground for striking the CUTPA claim.
The defendant also argues that no injury to consumers has been alleged and that this is a necessary element in a CUTPA claim. Although viewed as a consumer statute, as it was "designed by the legislature to put Connecticut in the forefront of state consumer protection"; Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, 515 (1983); its use is not strictly limited to consumers.
First, the statute, by its own words, is not limited to consumers. It states that no "person shall engage in unfair methods of competition and unfair or deceptive acts or practices"; General Statutes Section 42-110b(a); and that "[a]ny person who suffers any ascertainable loss" may bring a CUTPA action. General Statutes Section 42-110g(a). "Person" is defined as a "natural person, corporation, trust, partnership, incorporated or unincorporated association, and any other legal entity." General Statutes Section 42-110a(3). Thus, if a corporation can sue or be sued, then the statute is not limited to consumers as that term is commonly used and defined.
Furthermore, Connecticut courts have stated that the following criteria are used in judging whether an act violates CUTPA:
 (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise . . .; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businessmen.
Dadonna v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254
(1988) (emphasis added) (citations omitted). Thus, a showing of injury to consumers is not a necessary predicator to a showing of a CUTPA violation. Therefore, the arguments as advanced by the CT Page 270 defendant are without merit and its motion to strike is denied.
LANGENBACH, J,