[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: INTERVENING PLAINTIFF'SMOTION TO STRIKE
A motion to strike may be used to test the legal sufficiency of a special defense. Practice Book § 152(5); Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleading; Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Hospital, 208 Conn. 161,171 A.2d 1185 (1988).
SNET contends that the Town's motion to strike is procedurally defective because the motion does not specify the distinct reasons for the claimed insufficiency of SNET's second special defense. In Morris v. Hartford Courant Co., 200 Conn. 676,513 A.2d 66 (1986), the court stated that:
 Practice Book § 154 requests that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each claimed insufficiency. The motion filed sought to strike the . . . complaint "because each count fails to state a claim upon which relief can be granted." We have said that a motion to strike that does not specify the grounds of insufficiency is "fatally defective"; Dubas v. McCusker, 153 Conn. 250, 253, 216 A.2d 289 (1965); and that "Practice Book CT Page 2710 § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified n [in] the motion itself." King v. Board of Education, 195 Conn. 94 n. 4 (1985).
Based on the above, the court feels compelled to deny the motion. The motion to strike is therefore denied.
The court is cognizant that the intervening plaintiff, Town of Trumbull, may file a corrected motion and claim it for the short calendar. The parties have already placed their substantive arguments before this court.
In the interest of promoting judicial economy and reaching the merits of the parties' claims, if both sides agree, upon a proper motion being filed and appearing on the short calendar, this court will decide the issue on its merits based on the arguments and documents previously presented on this motion without further appearance of the parties.
LAWRENCE L. HAUSER, JUDGE