[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (No. 105)
A. FACTS:
The plaintiff, Candace Schweighoffer, alleges that she owned an interest in a certain parcel of property located at 135 France Street, Rocky Hill, Connecticut. The plaintiff alleges from December 20, 1982 until July 6, 1993, she held the property in a confidential relationship for the benefit of John McKenna, plaintiffs's father, with the defendant, Hollis M. Szeps. On July 6, 1993 the plaintiff alleges she executed a deed and conveyed the property to the defendant. This conveyance was allegedly at the request of, and in reliance on, the representations of John McKenna. The plaintiff alleges she made demand to the Szeps to be compensated for her conveyance and the defendants refused. Thereafter, the plaintiff brought this action alleging three counts sounding in unjust enrichment, fraud and reformation.
The defendants, Hollis and Frank Szeps, herein Szeps, filed the pending motion to strike No. 105, in which they deny the plaintiff ever had any rights in the property.
B. DISCUSSION:
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted).Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368
CT Page 4405-A (1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
Practice Book § 154 states in relevant part:
 Each motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency.
(Emphasis added.).
The defendant's motion to strike fails to state the grounds upon which it is based.[1] This procedural defect was addressed in Blancato v. Feldspar Corp., 203 Conn. 34, 522 A.2d 1235
(1987).
 We note preliminarily that the defendants' motion to strike failed to comply with Practice Book 154, which requires that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each such claimed insufficiency. The motion filed sought to strike the amended complaint "for failure to state a cause of action against these defendants." We have said that a motion to strike that does not specify the grounds of insufficiency is "fatally defective"; Lubas v. McCusker, 153 Conn. 250, 253, 216 A.2d 289 (1965); and that "Practice Book 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of 154 that the reasons for the claimed pleading deficiency be specified in the motion itself." King v. Board of Education, 195 Conn. 90, 94 n. 4, 486 A.2d 1111 (1985); Morris v. Hartford Courant Co., 200 Conn. 676, 683 n. 5, 513 A.2d 66
(1986).
Blancato v. Feldspar Corp., 203 Conn. 36-37 n. 3.
The plaintiff's failure to comply with Practice Book CT Page 4405-B § 154 is fatal.
A. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion to strike, ought to be and is hereby denied.
It is so ordered,
SALVATORE F. ARENA, J.