[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs move to strike the defendant's counterclaims for failure to allege a cause of action, because of governmental immunity, and a failure to exhaust administrative remedies.
The plaintiffs, the Town of Windham, its building official, Curtis Garry, and its fire marshal, Richard Miller, have petitioned the court to enjoin the defendant, Roger LeClair, from maintaining various building, housing, and fire code violations on property he owns at 347 Prospect Street, Willimantic, and for an assessment of civil fines attendant thereto. The defendant counterclaims against the plaintiffs seeking monetary and punitive damages.
The defendant represents himself. Specifically, he contends that he is entitled to damages because the plaintiffs improperly entered upon and inspected his property in contravention of constitutional, statutory and regulatory bounds. He alleges that the plaintiffs committed these improprieties negligently or intentionally.
 I
As to the Town of Windham, G.S. § 52-557n(a) sets forth those circumstances in which municipality may be liable for the acts or omissions of its employees, agents, and officials. Subsection 52-557n(a)(2)(A) excludes municipal liability for intentional misconduct. Subsection 52-557n(a)(2)(B) excludes CT Page 2396 liability for negligent acts or omissions which require the exercise of judgment or discretion. The decision to inspect, the manner of inspection, and conclusions reached as a result of such inspections are clearly discretionary acts. Evon v. Andrews,211 Conn. 501, 506 (1989). Also, § 52-557n(b)(8) confers governmental immunity upon towns for negligent inspections regarding building, housing, and fire codes.
Consequently, the motion to strike is granted as to the counterclaim against the Town of Windham.
 II
Subsection 52-557n(b)(8) also confers governmental immunity upon municipal officials who perform negligent inspections to ascertain such code violations. Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 198 (1991). However, this immunity covers only negligent and not intentional wrongdoing. Because the counterclaim alleges both negligent and intentional miscarriage, the motion to strike cannot be granted on the basis of governmental immunity. Wachtel v. Rosol, 159 Conn. 496, 499
(1970).
 III
The plaintiffs also offer the failure to exhaust administrative remedies as a basis for this motion. A motion to strike cannot be based on consideration of facts outside of the pleading under attack. Goldstein v. Ancell, 27 Conn. Sup. 82, 87
(1966); Stephenson, Conn. Civil Procedure, 3d Ed 1997, § 72b. The claim of failure to exhaust remedies falls outside the defendant's pleading.
The motion to strike is granted as to the Town of Windham and denied as to the other plaintiffs.
Sferrazza, J.