ROBERT S. SAGERS ET AL. *v.* LEE COUNTY BANK ET AL.
(2363)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued December 7, 1983—decision released April 17, 1984

*David S. Gordon,* with whom was *Philip A. Post,* for the appellant (named plaintiff).

*David J. Elliott,* for the appellees (defendants).

TESTO, J. In this action the individual plaintiff, Robert Sagers, is seeking to enforce his alleged contractual right to purchase the interest of his deceased partner, Bennett Burgoon, Jr., in the plaintiff partnership, Bradley Field Manufacturer's Center. The complaint contains three counts. Counts one and two allege a breach of the partnership agreement by the fiduciaries of the estate of Bennett Burgoon, Jr., and seek both a conveyance of title to Sagers of the decedent's partnership interest in certain real estate in Windsor Locks and the appointment of a receiver to dispose of the remaining partnership property. In the third count, the plaintiff partnership, Bradley Field Manufacturer's Center, claims ownership in fee simple of the partnership property and seeks a decree to quiet title. The plaintiffs did not bring their action until more than six years after Burgoon's death.

In their amended answer, the defendants denied the material allegations of the complaint and set up a number of special defenses. As to all the counts, the defendants pleaded that the plaintiffs were barred from prosecuting the action by waiver, estoppel, laches and ratification. As to the first and second counts the defendants pleaded that the action was barred by the nonclaim statutes; General Statutes §§ 45-205, 45-210, and 45-213; and by the statute of limitations. General Statutes § 52-576. The trial court granted the defendants' motions for summary judgment as to the first and second counts in the complaint on the ground that the action for breach of the partnership agreement alleged in each count was barred by the six year statute of limi-

tations.[1] The trial court denied summary judgment as to the third count on the ground that the defendants' affidavits and supporting documents did not establish the defenses of laches or equitable estoppel as a matter of law.[2] From the summary judgments rendered on the first and second counts, the individual plaintiff appealed.[3]

Bennett Burgoon, Jr., died testate in Florida on May 31, 1973. He and the plaintiff had formed the partnership known as Bradley Field Manufacturer's Center in March of 1959.

The defendant Lee County Bank was named executor in the will and appointed as such on July 31, 1973. On January 24, 1974, the defendant Bennett Burgoon III was appointed ancillary administrator of his father's estate in Connecticut, which included the 17.1 acres of land in Windsor Locks alleged by the plaintiff to be owned by the partnership. The administration of the estate in Connecticut was completed on June 17, 1975, and, under the will, the decedent's one-half interest in the real property in Windsor Locks was devised to the Lee County Bank, in trust for the benefit of the decedent's widow. The bank had been named the testamentary trustee in the will. During the administration of the estate, no claim was ever filed by the plaintiff or the partnership with any of the fiduciaries in regard to the real property.

[1] The trial court also stated that the causes of action in these two counts were not claims within the meaning of the nonclaim statutes because the plaintiffs were not creditors; therefore, they were not barred by the plaintiffs' failure to present them to the decedent's estate.

[2] The defendants, Lee County Bank, executor and trustee of the estate, and Bennett Burgoon III, ancillary administrator, have not appealed from the judgment denying summary judgment as to the third count. As used in this opinion, "plaintiff" refers to the named plaintiff Robert Sagers.

[3] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The plaintiff first disclosed his intention to make a claim under the partnership agreement[4] by a letter to Lee County Bank dated March 17, 1978, in which he stated that, "I now care to exercise my right according to these articles, for half of the book value and thus dissolve the partnership as of this date." The bank refused to accept tender of the book value of the decedent's partnership interest. The plaintiff then instituted this suit on July 26, 1979.

In his brief, the plaintiff conceded the following: (1) the first and second count of the complaint sound in breach of the partnership agreement and are governed by General Statutes § 52-576;[5] (2) his right of action accrued on the date of the decedent's death; and (3) the present action was not instituted within six years from that date. The plaintiff, however, challenges the trial court's conclusion that § 52-576 was not tolled until the appointment of the bank as executor on July 31, 1973. The plaintiff maintains that the statute of limitations cannot begin to run until there is someone in existence capable of suing or being sued. We do not agree.

A cause of action based on a written contract is governed by the six year statute of limitations. General Statutes § 52-576. The present action is based on the dissolution of the partnership upon the death of a partner as provided in the written partnership agreement, and, hence, the cause of action in this case accrued on May 31, 1973, the day Bennett Burgoon, Jr.,

[4] The plaintiff relies on a written partnership agreement dated March 30, 1959. Paragraph 11 of the Articles of Partnership provides that the death of a partner "shall work an immediate dissolution of the partnership." Paragraph 12 states that the share of the deceased partner "will be sold to the remaining partner at the book value of the partnership as of the last day of the month preceding such death . . . ."

[5] General Statutes § 52-576 provides in relevant part: "(a) No action for . . . any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

died. Pursuant to § 52-576, the plaintiff could have commenced an action against the estate of his partner until May 31, 1979, unless the period of the running of the statute of limitations was tolled.

Generally, the statute is not tolled pending the appointment of a fiduciary of the estate as the plaintiff claims. See *Baker* v. *Baningoso,* 134 Conn. 382, 58 A.2d 5 (1948); *Radezky* v. *Sargent & Co.,* 77 Conn. 110, 58 A. 709 (1904). The reason for not tolling the statute is consistent with the policy to settle estates within a relatively short period of time and to discourage a claimant from withholding any claims indefinitely where no fiduciary has been appointed. See *Rich* v. *Dixon,* 153 Conn. 52, 57, 212 A.2d 417 (1965).

Whether a statute of limitations should be tolled pending the appointment of an administrator or executor has been addressed by our Supreme Court in *Baker* v. *Baningoso,* supra, and in *Radezky* v. *Sargent & Co.,* supra. Both of those cases involved a wrongful death action. The Court held that although no administrator was appointed until after the time prescribed for a suit had expired, this did not extend the statutory time period. *Baker* v. *Baningoso,* supra, 383–85; *Radezky* v. *Sargent & Co.,* supra, 112–14. In other words, the time required for the appointment of an administrator or executor of the estate will not postpone the beginning of the applicable statute of limitations. The only exception is if an action involves the death of a tortfeasor, where the statute is tolled until the appointment and qualification of a fiduciary. *Lydem* v. *Feldman,* 36 Conn. Sup. 121, 123–24, 414 A.2d 202 (1979).

Furthermore, where no fiduciary has been appointed, § 52-69 of the General Statutes provides a procedure by which a claimant may bring suit against an estate

540

and § 45-249c of the General Statutes permits a person interested in the estate of the deceased to request the appointment of a temporary administrator.

The trial court's conclusion that the plaintiff did not institute this action within the time limited by General Statutes § 52-576 is not erroneous.

There is no error.

In this opinion the other judges concurred.