[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#112)
The plaintiff John D. LaBelle is the duly appointed temporary administrator of the estate of Jessica Scott Dunham. This litigation was commenced on April 11, 1989 and concerns the validity of an inter vivos transfer by the decedent to the defendant involving approximately 300 acres of real estate.
The defendant Carl M. Dunham, Jr. is an attorney and one of three children of the decedent. The other children being Roger Dunham and Joan Rogerson. The real estate which is the subject of this action was part of the extensive property holdings of Carl Dunham, Sr., the husband of the decedent and father of the defendant. During his lifetime, Carl Dunham, Sr. acquired approximately nine hundred acres of real estate located in New Milford, Sherman and Sharon. He had constructed on that property the family residence, an inn and a licensed airport. Upon the death of Carl Dunham, Sr., in 1969, his will left to his widow an outright one half interest in his estate and a trust interest, subject to her testamentary power of appointment in the other one half of his estate.
In 1974 Jessica Dunham conveyed to the defendant three hundred acres of the property she had inherited from the estate of her late husband. The conveyance included the family residence, the inn, the airport, and the office building in which the defendant conducted his law practice. The consideration for the conveyance was approximately $358,000. The defendant, however, paid no money to Jessica Dunham for the property. Instead, he assumed certain mortgages totaling about $52,000 and another $50,000 in unsecured debts owed by her. In connection with the transaction, the defendant also gave her a promissory note for CT Page 4281 $256,627.75, but the defendant never paid any money on that note.
In 1978, Jessica Dunham executed a will that left her net residuary estate after taxes, with approximately $30,000, to be divided equally among her three children. It also appointed the defendant the executor of her estate, forgave and cancelled all indebtedness of the defendant to Jessica Dunham and exercised in favor of the defendant the power of appointment created by the will of Carl Dunham, Sr., thereby ensuring that the defendant would inherit the remaining six hundred acres of property that Jessica Dunham had received under Carl Dunham Sr.'s will.
In November 1982, Roger Dunham initiated an action to set aside the decree of probate, claiming that the will was secured by Carl Dunham, Jr. through the exercise of undue influence and that Mrs. Dunham did not possess testamentary capacity. Through subsequent amendments, Roger Dunham claimed that Carl had breached a promise to give Roger the three hundred acres of land conveyed in 1974, referred to by Roger as "the airport property" (Count 2), and that Carl had engaged in wrongful conduct in securing the property conveyed to him in 1974 (Count 3).
A long and protracted trial was had on those claims in the Superior Court for the Judicial District of Litchfield, which resulted in a directed verdict in favor of Carl Dunham on Counts 2 and 3, and a jury verdict setting aside the decree admitting the 1978 will to probate, thereby permitting a probate hearing on the issue of undue influence. These verdicts were upheld on appeal by the Supreme Court of Connecticut. Dunham v. Dunham, 204 Conn. 303 (1987). The will was again submitted for probate, and a hearing on the issue of undue influence is currently in progress at the New Milford Probate Court sitting in Manchester, Connecticut. The determination of the Probate Court in that hearing will affect only the six hundred acres subject to the power of appointment, and not the three hundred acres of property which is the subject of this action.
On March 8, 1988, the probate judge appointed the plaintiff in this action as temporary administrator for the estate of Jessica Scott Dunham pending the completion of the probate hearing. On or about March 7, 1989, the temporary administrator brought this action seeking to avoid the 1974 deed and/or impose a constructive trust on the property. The action alleges in Count One that the 1974 conveyance was a product of the defendant's undue influence over his mother, and was a product of the defendant's unfair dealing and breach of fiduciary obligation to this mother. Count Two alleges that it was Mrs. Dunham's intention to establish a trust for the benefit of all three children when she transferred the property in 1974. Count Three alleges conversion, in that there was certain personal property located on the land when conveyed to Carl Dunham in 1974, but that said property was not intended to be transferred to him.
The defendant filed special defenses to these counts, alleging that the plaintiff lacks standing to bring this action, that the claims are barred CT Page 4282 by the doctrines of res judicata, collateral estoppel, and the statute of frauds, and that the claims are barred by the applicable statute of limitations and/or the doctrine of laches. There is now before the court the defendants motion for summary judgment claiming that the plaintiff has no standing to bring this action, the claims are barred by the Conn. Gen. Stat. Section 52-577 and Section 52-584; the plaintiff is guilty of laches, and the claims are barred under principles of res judicata.
 I
The statute of limitations is generally not tolled pending the appointment of the fiduciary of the estate. Sagers v. Lee County Bank,1 Conn. App. 535, 539 (1984). The reason for not tolling the statute is consistent with the policy to settle estates within a relatively short period of time and to discourage a claimant from withholding any claims indefinitely where no fiduciary has been appointed. Id. at 539.
The fact that the plaintiff has requested a remedy that is essentially equitable in nature does not in this instance alter the inquiry concerning the statute of limitations. D'Agostino v. D'Addio, 6 Conn. App. 187, 188
(1986). The nature of the right sued upon and not the form of the action nor the relief demanded determines the applicability of the statute of limitations. Id. at 188.
The conveyance which forms the basis of this suit occurred in 1974. Mrs. Dunham lived for four years, six months, and twenty days following the conveyance. The claims made by the plaintiff in count one are undue influence, unfair dealing, and breach of fiduciary duty owed to the decedent. Said claims are in the nature of tort causes of action, and are barred by the three-year limitations period. Conn. Gen. Stat. 52-577.
"The three-year Statute of Limitations, 52-577, is applicable to all tort actions other than those actions carved out of 52-577 and enumerated in 52-584 or another section." United Aircraft Corporation v. International Assn. of Machinists, 161 Conn. 79, 107 (1971), cert. den., 404 U.S. 1016. The tort of fraudulent misrepresentation is governed by the three-year statute of limitations period for general torts. Wedig v. Brinster,1 Conn. App. 123, 137 (1983), cert. den., 192 Conn. 803.
It is the nature of the right sued upon, not the form of action or the relief demanded which determines the applicability of the statute of limitations. The undue influence which will avoid a deed is an unlawful or fraudulent influence upon the will of the grantor. Accordingly, the applicable statute of limitations for undue influence is 52-577, which limits the bringing of such action to three years. D'Agostino v, D'Addio, supra at 187, 188 (1986), cert. den. 199 Conn. 805.
A common-law tort action to set aside a fraudulent conveyance has not been statutorily excluded from the three-year limitation period of CT Page 4283 52-777, and therefore an action to recover property alleged to be so conveyed is limited to three years. Travelers Indemnity Co. v. Rubin,209 Conn. 437, 441 (1988). "A claim of fraudulent conveyance should not be like to a sword of Damocles hanging over a title to real property to be dropped at the pleasure of the claimant." Id. at 444.
It is undisputed that the conveyance to the defendant in this action took place in April 1974. Even if the court should find that the limitations period should run as of the date of the final accounting of Jessica Scott Dunham's estate, filed and accepted in January, 1981, this claim brought more than eight (8) years later, is barred by the statute of limitations embodied in 52-577. See Goray v. Goddard, 90 Conn. 561, 569. Accordingly, the defendant is entitled to summary judgment on his fourth special defense to Count One as a matter of law.
The plaintiff's second count alleges that the wrongful acts enumerated in Count One establish Mrs. Dunham's intention to establish a trust in the property she conveyed to Carl Dunham, Jr., said trust to benefit all three Dunham children. Said trust must be an implied trust, since the complaint does not allege an express trust or the terms thereof. Therefore, the trust must be established on the facts pleaded in Count One as incorporated into Count Two, and thus the same alleged tortious conduct underlies Count Two.
The cause alleged in Count Two falls within the three-year statute of limitations period of 52-577. Implied trusts are within the statute, and the limitations period begins to run from the time the wrong was committed by which the party becomes chargeable as trustee by implication. Wilmerding v. Russ, 13 Conn. 67, 77 (1863), Arrigoni v. Adorno, 129 Conn. 673,681 (1943). Thus, the defendant is entitled to summary judgment as a matter of law on his fourth special defense to Count Two of the plaintiff's complaint. Even if the court were to find that Count Two seeks legal and equitable relief, "equity will withhold its remedy if the legal right is barred by the relevant statute of limitations." Campbell v. New Milford Board of Education, 36 Conn. Sup. 357, 364, n. 5 (1980).
The plaintiff's third count alleges cause of action for conversion of personal property. The alleged conversion took place in 1974, at the time of the conveyance of the real property. This cause of action is governed by the two-year statute of limitations, C.G.S. 52-584 and was not brought within the limitations period. Therefore, the defendant is entitled to summary judgment as a matter of law on his fourth special defense to Count Three.
Since the plaintiff is the representative of the heirs at law, and in privity with them, he cannot obtain greater rights then would accrue to Roger Dunham or Joan Rogerson. The statute of limitations is not tolled pending the appointment of a fiduciary of the estate. "In other words, the time required for the appointment of an administrator or executor of the estate will not postpone the beginning of the applicable statute of CT Page 4284 limitations." Sagers v. Lee County Bank, 1 Conn. App. 535, 539 (1984).
 II
The factual matters alleged and the relief sought by the plaintiff's complaint in Counts One and Two were previously raised by Roger Dunham in the case of Dunham v. Dunham, CV 82-36746, wherein he had a full and fair opportunity to litigate those issues, and Joan Rogerson participated through her testimony. The pleadings raised the same issues raised in Counts One and Two of the plaintiff's complaint. In Count Three, added by amendment on May 1, 1984, Roger Dunham alleged that the defendant, Carl M. Dunham, Jr., "while acting as attorney for the late Jessica Dunham, the estate of Jessica Dunham," engaged in certain wrongful conduct "in securing the alleged transfer of the airport land from Jessica Dunham."
The complaint requested the court to impose a constructive trust on the 300 acre "airport land" and to order Carl M. Dunham, Jr. to convey to Roger Dunham the three hundred acres described by Roger Dunham as the airport land.
These matters were fully litigated and Roger Dunham was permitted every opportunity to present any and all evidence he possessed concerning the fairness of the 1974 conveyance at issue in this case. He was also permitted to assert claims on behalf of his mother and her estate, claims identical in all respects to those asserted by the temporary administrator in this matter. After hearing all the evidence and the parties' arguments, the trial court directed a verdict against Roger Dunham on those issues. That directed verdict was upheld by the Supreme Court in Dunham v. Dunham, 204 Conn. 303 (1987).
The rules of res judicata are based on public policy that "a party should not be allowed to relitigate a matter when it already has had an opportunity to litigate." In re Juvenile Appeal, 190 Conn. 310, 318
(1983). "The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or might have been made." Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 43 (1987); citing Gagne v. Norton, 189 Conn. 29, 32 (1983).
 A final judgment rendered by agreement or after adjudication on the merits is res judicata as to any claims of the parties relating to the cause of action which were made or which might have been made, and precludes the subsequent assertion of such claims because those claims are merged in the judgment and extinguished. Van Nguyen v. DaSilva, 10 Conn. App. 527, 532 (1987), cert. den., 204 Conn. 803.
The theory of the doctrine of res judicata is embodied in Sections 18 and 19 of the Restatement (Second) of Judgments (1982). Section 19 states that "[a] valid and final personal judgment rendered in favor of CT Page 4285 the defendant bars another action by the plaintiff on the same claim." The plaintiff's original claims are merged into the judgment and are thereby extinguished.
"[T]he claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of transactions, out of which the claim arose." Section 23(1) of the Restatement (Second) of Judgments (1982).
Section 25 of the Restatement explains that the rule enunciated in Section 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action to present evidence or grounds or theories of the case not presented in the first action, or to seek remedies or forms of relief not demanded in the first action. "This test measures the preclusive effect of an earlier judgment, and will exclude not only claims which were asserted but also those which could have been asserted." Lehto v. Sproul,9 Conn. App. 441, 445 (1987). See also Vakalis v. Kagan, 18 Conn. App. 363,366-368 (1989).
Roger Dunham's previous suit clearly raised and asserted claims against this defendant based on wrongful conduct and breach of fiduciary duty to Jessica Scott Dunham and to her estate as to the 300 acre airport parcel at issue. Joan Rogerson is also barred by the doctrine of res judicata, since she was requested to be party to the former litigation (Exhibit 17), had every opportunity to become a party, and she participated through her deposition testimony at trial and her communication to the trial judge. (Exhibit 18). It is not essential in the application of res judicata that the person to be bound have been a formal party to the previous action. It is only required that she had an interest in the subject matter and participated openly and actively in so much of the former litigation as led to the judgment." Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 199 (1952). Additionally, Joan Rogerson was not a beneficiary under Jessica Scott Dunham; 1978 or 1970 wills of any of the property involved in this action, nor was she a beneficiary as to any real property under the 1960 will of her father, Carl M. Dunham, Sr., which will was probated (Exhibit 19). She is also precluded from participating in Jessica Dunham's estate by virtue of a waiver of objection to the 1978 will, which waiver has never been set aside or withdrawn (Exhibit 20). Those claims were fully litigated and resulted in a verdict, directed by the trial judge in favor of Carl M. Dunham, Jr., on those claims, which verdict was affirmed by the Supreme Court. Dunham v. Dunham, 204 Conn. 303 (1987).
Accordingly, the plaintiff herein may not be permitted to assert claims already the subject of a final judgment in a previous action. The fact that identical grounds for relief can be supported by different factual allegations or different legal arguments, or couched in different language, renders those grounds no less identical. State v. Aillon,189 Conn. 416, 427 (1983), cert. den., 464 U.S. 837, citing Sanders v. CT Page 4286 United States, 373 U.S. 1, 16 (1963). See also State v. Paradise,213 Conn. 388, 394 (1990). "A judgment is final not only as to every matter which was offered to sustain the claim, but as to any other admissible matter which might have been offered for that purpose." State v. Ellis,197 Conn. 436, 462 (1985).
The fact that Attorney LaBelle, as temporary administrator for the estate of Jessica Scott Dunham, is the nominal plaintiff in this action does not preclude summary judgment on the ground of res judicata. The doctrine concludes the rights of all parties and their privies, Wade's Dairy Inc. v, Fairfield, 181 Conn. 556, 559
(1980); Corey v. Avco-Lycoming Division, 163 Conn. 309, 319 (1972). An administrator of an estate is in privity with a potential beneficiary of that estate when said litigation involves claims of the estate. Rost v. Heyka, 299 P. 969, 971 (1931). Section 41 of the Restatement (Second) of Judgment's provides that:
 (1) A person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of a judgment as though he were a party. A person is represented by a party who is:
 (c) The executor, administrator, guardian, conservator, or similar fiduciary manager of an interest of which the person is a beneficiary, . . .
Thus, the nominal plaintiff, John D. LaBelle, cannot gain rights or privileges in pursuing his cause of action on behalf of the estate of Jessica Scott Dunham which rights or privileges cannot be conferred on the intended beneficiaries of his cause of action. This is made even more clear in sub-section (2) of Section 42 of the Restatement, and its comment, which states:
 A person who appears in his own behalf in litigation has had his day in court and is bound by the judgment. Just as he may not himself relitigate the claims thus decided, neither may he do so in a subsequent action prosecuted or defended through a representative.
Since Roger Dunham, as a formal party, and Joan Rogerson, as an informal party to the previous litigation are precluded from raising the same claims previously adjudicated against them, the temporary administrator is similarly precluded. Therefore, the defendant is entitled to summary judgment on his second special defense to Counts One and Two of the complaint.
For the reasons stated, the motion for summary judgment is granted.
PICKETT, J. CT Page 4287