Florence VENTURINI, Executrix for the Estate of Antonio Y. Venturini and Florence Venturini, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE CO., Defendants.

No. 3:98–CV–780 (GLG).

United States District Court, D. Connecticut.

June 28, 1999.

Gilbert Shasha, New London, CT, for Plaintiff.

Thomas F. Maxwell, Jr., Pullman & Comley, Bridgeport, CT, for Defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Presently pending before this Court is defendant's motion for summary judgment (doc. # 18) on all counts of plaintiff's second amended complaint. In her opposition to this motion, plaintiff indicates that she would be filing a motion to file a third amended complaint, which she did on June 21, 1999. The proposed third amended complaint merely restates plaintiff's claims

under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). It also adds a claim that defendant fraudulently concealed a cause of action, which could operate to toll the statute of limitations. Even though defendant has not yet had an opportunity to oppose plaintiff's motion to amend the complaint, this Court granted it. For the reasons discussed below, we now GRANT defendant's summary judgment motion.

## BACKGROUND

This case arises from the denial of benefits under a group life insurance plan ("Plan") offered by Pfizer, Inc. and administrated by defendant Metropolitan Life Insurance Company ("MetLife"). As an employee of Pfizer, decedent Antonio Y. Venturini participated in the Plan. In 1984, Mr. Venturini was deemed to be disabled. Under the terms of the Plan, Mr. Venturini's life insurance coverage continued and was "frozen in the amount of $46,000 until age 70." Aff. of Florence Venturini dated 4/28/99, Ex. C. In order to remain eligible for life insurance coverage, Mr. Venturini was required to annually submit proof of his total disability. Pfizer's Summary Plan Description, Aff. of Florence Venturini dated 4/28/99, Ex. B, at 9. According to defendant, Mr. Venturini did not provide this proof for the year 1986, and thus, defendant asserts that Mr. Venturini's life insurance coverage was terminated on February 21, 1986. Aff. of Susan Czech dated 2/26/99, Ex. B.

Mr. Venturini died on December 25, 1991. As beneficiary under the Plan, Mrs. Florence Venturini sought to collect life insurance benefits by requesting MetLife to reinstate the Plan. In a letter dated January 28, 1992, MetLife upheld the termination of benefits. *Id.*

On January 16, 1996, Mrs. Venturini was appointed administratrix of the estate of Antonio Y. Venturini. Plaintiff commenced this lawsuit on March 30, 1998 by filing a complaint in Connecticut Superior Court, Judicial District of New London at New London. Defendant then removed the action to this Court.

## DISCUSSION

■ Defendant now moves for summary judgment, in part, based on statute of limitations grounds. Plaintiff's claims to recover benefits under 29 U.S.C. § 1132 are governed by a six-year limitations period. *See Brunoli v. Fred Brunoli & Sons, Inc. Pension Plan,* 993 F.Supp. 66, 71 (D.Conn. 1997) (noting that ERISA is silent as to the limitations period for claims that do not allege a breach of fiduciary duty, and thus applying the statute of limitations for the state law action most closely analogous to a claim under section 1132); *see also Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Pension Benefit Plan,* 698 F.2d 593, 598 (2d Cir.), *cert. denied,* 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983). To determine the accrual dates for plaintiff's claims, we consider when there was a "repudiation by the fiduciary which is *clear* and made known to the beneficiaries." *Miles,* 698 F.2d at 598 (citation and internal quotation marks omitted) (emphasis in original).

■ Construing the facts in a light most favorable to plaintiff, defendant's repudiation was made known to plaintiff in the January 28, 1992 letter. In pertinent part, the letter states:

On February 21, 1986 we terminated your husband's claim for failure to submit a current medical statement as requested. On April 17, 1986 we received a letter from you advising that you did not receive our requests and would like us to forward the request to you once again. On April 23, 1986 we wrote to you and enclosed another Attending Physician Statement to be completed by your husband's attending physician and returned to our office.

We never received a response to that letter. On January 14, 1992 we received your letter advising that your husband

has passed away and you would like us to reinstate his benefits.

We regret to inform you that due to the failure to submit medical information in a timely manner we are prejudiced in that we have been unable to evaluate his medical condition.

Therefore, we must uphold the termination of benefits.

Aff. of Susan Czech dated 2/26/99, Ex. B. Using January 28, 1992 as the accrual date, plaintiff should have commenced this action within six years, or by January 28, 1998. Because plaintiff did not file this lawsuit until March 30, 1998, we find that plaintiff's ERISA claims are time-barred.

■ In Count Four of the third amended complaint, plaintiff asserts that defendant cites the February 21, 1986 letter as the notice which terminated Mr. Venturini's life insurance coverage. To this Court's knowledge, defendant never produced this document (and indeed, it was the subject of a Motion For Disclosure and Production of Documents made by plaintiff on April 5, 1999). From the defendant's failure to produce this document, plaintiff deduces that the letter does not exist and concludes that this "constitutes a fraudulent concealment of a cause of action and is in violation of C.G.S.A. Sec. 52–595." Third Am.Compl. ¶ 10, at 6. Section 52–595 provides that if a defendant fraudulently conceals the existence of a cause of action from a plaintiff, the cause of action is deemed to accrue when the plaintiff discovered the existence of the cause of action.

Accordingly, plaintiff claims that her ERISA claims are timely because they were tolled until the *non*-existence of the 1986 letter became known. *Id.* ¶ 12, at 6. We find plaintiff's tolling claim to be without merit. For statute of limitations purposes, the existence of the 1986 letter is unimportant because we find that plaintiff's ERISA claims to recover benefits accrued in January 1992. When plaintiff received the 1992 letter, she learned that MetLife considered her husband's life in-

surance policy to have terminated as of 1986, that MetLife would not reinstate coverage, and therefore that MetLife would not pay out any benefits under the Plan. Consequently, it does not matter whether the policy actually terminated in 1986 or whether MetLife gave notice of the termination in 1986, because MetLife did not refuse to pay the life insurance benefits until 1992. At a minimum, MetLife's latter action triggered the statute of limitations. *See Brunoli,* 993 F.Supp. at 71 (finding that a clear repudiation did not occur until the fiduciary denied the plaintiff's application for early retirement benefits in 1993, even though the plaintiff received notice in 1987 regarding the election of benefits).

■ Alternatively, plaintiff contends that the limitations period should be tolled until the estate was opened and plaintiff was appointed administratrix in January 1996, because "[o]nly then could a suit on behalf of the estate be brought." Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J'ment, at 5. Plaintiff does not cite any authority for her argument, and we find that the law contradicts her position.

In Connecticut, the statute of limitations applicable to section 52–576 for breach of contract claims "is not tolled pending the appointment of a fiduciary of [an] estate." *Sagers v. Lee County Bank,* 1 Conn.App. 535, 539, 473 A.2d 1239, 1241 (1984); *see also Baker v. Baningoso,* 134 Conn. 382, 58 A.2d 5 (1948) (in a wrongful death action, refusing to toll the statute of limitations pending the appointment of a fiduciary); *Radezky v. Sargent & Co.,* 77 Conn. 110, 58 A. 709 (1904) (same). The only exception to this rule, which involves the death of a tortfeasor, does not apply here. As the court in *Sagers* commented, C.G.S.A. § 45–249c (transferred to C.G.S.A. § 45a–316, (rev. to 1991)) permits a person interested in a decedent's estate to request the appointment of a temporary administrator. 1 Conn.App. at 540, 473 A.2d at 1242. We make no judgment on whether plaintiff

could have requested an earlier appointment as temporary administratrix. We do note, however, that her appointment was made within the limitations period. Thus, we find plaintiff's argument unpersuasive.

## CONCLUSION

While we empathize with Mrs. Venturini's loss of her husband, we are constrained by the law. Because we find that plaintiff's ERISA claims are time-barred, we GRANT defendant's summary judgment motion (doc. # 18) on all counts of plaintiff's third amended complaint. The Clerk of the Court is directed to enter judgment in defendant's favor and close the case.

**SO ORDERED.**