[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present case arises from a foreclosure action commenced on April 21, 1999, by the plaintiff, Webster Bank, against the defendants, Marion C. LeCuyer, Richard H. LeCuyer, Sr. (deceased), his heirs, representatives and creditors. The plaintiff, in its complaint alleges CT Page 6980 that the defendant Richard H. LeCuyer, Sr. executed a note in the principal amount of $55,000, secured by a mortgage on real property located at 423 South Leonard Street, Waterbury, Connecticut. The plaintiff also alleges that Richard H. LeCuyer conveyed his interest in the property to Marion C. LeCuyer by quitclaim deed dated October 10, 1991, and that following a default in the monthly payment due on January 22, 1998, the plaintiff exercised its option to accelerate the entire balance of the note.
In addition to claiming a judgment of foreclosure, plaintiff intends on seeking a deficiency judgment against the estate of Richard H. LeCuyer, Sr. although no estate has been opened or a fiduciary appointed for him.
The defendants move to dismiss the matter on the ground that the court does not have jurisdiction over the present action, because Richard H. LeCuyer, Sr. was dead when the instant action was commenced on April 21, 1999.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The grounds which may be asserted in [a motion to dismiss] are [inter alia] (1) lack of jurisdiction over the subject matter; [and] (2) lack of jurisdiction over the person. . . ." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book §10-31. "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) Malasky v.Metal Products Corp., 44 Conn. App. 446, 451-52, 689 A.2d 1145, cert. denied, 241 Conn. 906, 695 A.2d 539 (1997).
"A ruling on a motion to dismiss is neither a ruling on the merits of the action; Amore v. Frankel, 29 Conn. App. 565, 570-71, 616 A.2d 1152
(1992), cert. granted, 225 Conn. 904, 621 A.2d 286 (1993); nor a test of whether the complaint states a cause of action. Pratt v. Old Saybrook,225 Conn. 177, 185, 621 A.2d 1322 (1993); see Practice Book [§ 10-31]. [Rather,] [m]otions to dismiss are granted solely on jurisdictional grounds. Caltabiano v. Phillips,23 Conn. App. 258, 265, 580 A.2d 67 (1990); see Practice Book [§10-31]." Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303, 306-07,635 A.2d 843 (1993). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner CT Page 6981 most favorable to the pleader." (Internal quotation marks omitted.)Lawrence Brunoli Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271
(1999).
In support of their argument the defendants rely on O'Leary v.Waterbury Title Co., 117 Conn. 39, 166 A. 673 (1933), for the proposition that "[a] judgment in an action begun and prosecuted against a defendant who is dead when it was begun is null and void and may be attacked collaterally as well as directly." Id., 47.
The plaintiff argues that while title to the subject property is in the name of the defendant Marion C. LeCuyer, it is necessary to name Richard H. LeCuyer, Sr., his heirs, representatives and creditors as defendants, since Richard H. LeCuyer, Sr., was the maker of the note and the plaintiff can only pursue a deficiency judgment against his estate. The plaintiff contends that General Statutes §§ 47-33 and 52-69 provide the mechanism to make Richard LeCuyer, Sr.'s heirs, representatives and creditors parties to this action.
General Statutes § 47-33 (a) provides, in relevant part, "[i]n any action brought to quiet the title to real estate or to have declared invalid or to discharge or to foreclose any mortgage or lien on real estate, if any record owner of the title to such property or any interest therein, or of property on which there is a cloud, is dead and no notice of his death or of the appointment of an executor of the will or administrator of the estate of the decedent can be found in the land records of the town in which the real estate is situated, it shall be presumed for the purpose of the action, if brought pursuant to the provisions of section 52-69, that there is no such executor or administrator unless it appears in the affidavit filed pursuant to the provisions of said section that the plaintiff or his attorney has actual knowledge to the contrary. If the plaintiff does not know whether the record owner is then living, he may make defendants in the alternative the record owner if living and, if the record owner is not living, the parties designated in said section."
General Statutes § 52-69 provides, in relevant part, "[t]he plaintiff in any action for equitable relief to which it would be necessary to make the executor of the will or administrator of the estate of a deceased person a party, if there were an executor or administrator, may, if there is no executor or administrator, and if he sets forth in his complaint the interest of such deceased person, make the deceased person's representatives and creditors', without further or other designation or description, parties to the action. . . ."
"Ordinarily, if the language of a statute is plain and unambiguous, CT Page 6982 [courts] need look no further than the words because [courts] assume that the language expresses the legislature's intent. . . . In seeking to discern that intent, [courts] look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.)Office of Consumer Counsel v. Department of Public Utility Control,246 Conn. 18, 29, 716 A.2d 78 (1998).
Pursuant to the foregoing, the court has jurisdiction over the present action because it is brought to foreclose a mortgage on property where the mortgagor, is deceased and the parties have presented no evidence that an administrator has been appointed for his estate. See General Statutes § 47-33. It appears that the defendant's reliance on O'Learyv. Waterbury Title Co., supra, 114 Conn. 39, is misplaced because the legislature has since provided a clear statutory procedure for a party to pursue this action under the present circumstances. See id.
"[W]here no fiduciary has been appointed, § 52-69 of the General Statutes provides a procedure by which a claimant may bring suit against an estate." Sagers v. Lee County Bank, 1 Conn. App. 535, 539, 473 A.2d 1239
(1984). Clearly, the plaintiff has complied with General Statutes §52-69, by including Richard H. LeCuyer, Sr., his heirs, representatives and creditors as parties to this action, and by providing notice to the clerk of the court and publishing notice in the Waterbury Republican American on April 28 and May 5, 1999.
Accordingly, the defendant's motion to dismiss is denied.
THOMAS G. WEST, J.