FLORA M. FRANKLIN ET AL. *v.* WILLIAM H. ACKERMAN, JR., ADMINISTRATOR (ESTATE OF WALTER F. CARLSON)

SUPERIOR COURT     MIDDLESEX COUNTY     FILE NO. 20263

Memorandum filed August 3, 1971

*Hurney & Peters,* of Middletown, for the plaintiffs.

*Cooney & Scully,* of Hartford, for the defendant.

PALMER, J. This is an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's decedent, Walter F. Carlson. The complaint alleges that the named plaintiff sustained her injuries on March 5, 1969; that the defendant's decedent died on January 11, 1970; and that the defendant was appointed and

qualified as administrator on June 16, 1970. The action was instituted by service made on the defendant on June 29, 1970.

The defendant demurs on the ground that under § 52-584 of the General Statutes more than one year had expired prior to the institution of this action, and inasmuch as the defendant's decedent had died more than thirty days prior to the expiration of the period of limitation there was no extension of time under § 45-205 within which suit might be started.

The parties are in agreement that the applicable Statute of Limitations is § 52-584, which provided: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within one year from the date when the injury is first sustained or discovered . . . ." In this case that date is admittedly March 5, 1969. As the suit was commenced on June 29, 1970, more than a year and three months after the injury was first sustained, it would ordinarily be barred by the statute if the defendant's decedent had not died.

The intervening death of the defendant's decedent on January 11, 1970, before the statute had run, materially alters the situation, however. "The death of a debtor arrests the running of the Statute of Limitations on claims against him until the appointment and qualification of his executor or administrator, at which time the statutes concerning the presentation of claims and the limitation of suits thereon come into operation." *International Tool & Gauge Co.* v. *Borg,* 145 Conn. 644, 645. "Of course the running of the Statute of Limitations applicable to an action such as this (General Statutes § 52-584) was suspended from the date of the decedent's death until the appointment of the administrator." *Lubas* v. *McCusker,* 153 Conn. 250, 255. "The death of a

debtor does not remove the bar of the statute of limitations if the full period of limitation has run by the time of death; but it does arrest the further running of the statute until the appointment and qualification of an executor or administrator." 2 Locke & Kohn, Conn. Probate Practice § 483.

Accordingly, the statute ran from the date of injury, March 5, 1969, to January 11, 1970, the date of Carlson's death, a period of 312 days. By reason of Carlson's death it was suspended until June 16, 1970, the date of the appointment and qualification of his administrator, the defendant herein, when it started to run again until June 29, 1970, when this action was commenced by service of process, a period of thirteen days. The statute therefore ran a total of 325 days before this suit was started, which was well within the allowable statutory period of one year.

The last sentence of § 45-205 provided: "If any person against whom a claim founded in tort exists dies on the day the applicable statute of limitation expires or within thirty days prior to such day, a period of thirty days from the appointment of his executor or administrator shall be allowed within which to commence suit." This sentence was added to the statute by Public Acts 1967, No. 558 § 49, and has been commonly referred to as a saving provision. In cases where it applies, it has the effect of extending the statutory limitation period otherwise prescribed by law.

In the defendant's brief he argues: "Section 45-205 . . . provides an additional period of time within which to commence suit in the event that an alleged tort feasor dies on the day the applicable Statute of Limitations would ordinarily expire or within thirty (30) days of that date. However, this saving provision has no application to this case since

the defendant's decedent died three (3) months prior to the normal expiration of the Statute of Limitations."

The court is unable to follow the defendant's reasoning. It is true that the saving provision of § 45-205 has no application to this case, since the defendant's decedent did not die during the prescribed period, but that fact in no way affects the running of the limitation statute, and certainly does not in any way shorten the time allowed by statute within which to start suit. The saving provision was intended by the legislature solely to cover a situation where a tort-feasor dies on the last day of the limitation period or within thirty days prior thereto. Before the enactment of the saving provision, as an example, if a tort-feasor died three days before the end of the limitation period, suit would have to be commenced within three days after the appointment and qualification of his executor or administrator. The saving provision alleviated this kind of a situation by extending the period to commence suit to thirty days after the appointment and qualification of the executor or administrator. Otherwise, it had no effect upon the running of the limitation statute or the suspension of the running because there was no executor or administrator against whom to start suit.

In the plaintiffs' brief on this demurrer, although not in their complaint, they allege that on March 3, 1970, service was made of a writ, summons and complaint at the usual place of abode of the defendant's decedent; that they were informed by letter dated March 31, 1970, from an attorney who is a member of the firm of attorneys representing the defendant in this action, that Carlson had died on January 11, 1970; that they made efforts to have an estate opened for the decedent by his widow, Helen C. Carlson, but she did not open it; that the plaintiff

Joseph Franklin applied to the Probate Court on April 30, 1970, for the appointment of the widow as administratrix; and that a hearing on this application was set for May 11, 1970, and was continued to June 16, 1970, at which time the widow refused administration of the estate and the Probate Court appointed the defendant herein as administrator.

On the basis of the foregoing allegations, contained only in their brief, the plaintiffs claim that this action comes within § 52-592, relating to accidental failure of suit and providing as follows: "If any action, commenced within the time limited by law, has failed . . . to be tried on its merits . . . because . . . the action has been . . . avoided or defeated by the death of a party . . . the plaintiff . . . may commence a new action for the same cause . . . within one year after the determination of the original action . . . ." Of course, a demurrer admits only the allegations of the complaint, and the court may not take cognizance of alleged facts contained in a brief in deciding a demurrer. The court is without power to consider whether the factual allegations in the plaintiffs' brief bring this action within the purview of § 52-592. If the plaintiffs desire to put their claim in this regard in issue, the necessary factual allegations should be incorporated in an amendment to the complaint or in a new amended or substituted complaint.

The demurrer is overruled.