### Ross A. Lydem v. Ray C. Feldman, Jr.

Superior Court     Judicial District of     File No. 174519
Fairfield at Bridgeport

Memorandum filed December 5, 1979

*Tremont & Green,* for the plaintiff.

*Pullman, Comley, Bradley & Reeves* and *Robert J. Cooney,* for the defendant.

SADEN, J. On December 28, 1978, the plaintiff filed this action against the defendant administrator of a Wisconsin decedent's estate for damages resulting from the alleged negligence of the defendant's decedent in the operation of a motor vehicle on December 12, 1974, in Connecticut. The defendant has raised the statute of limitations as a special defense and now moves for summary judgment.

The defendant's decedent died on December 12, 1974. In November, 1976, an administrator was appointed by a Connecticut Probate Court for the decedent's estate, which included whatever benefits and/or protection to which the decedent might be entitled under his then effective automobile liability insurance policy. The plaintiff brought suit against the Connecticut administrator based on the 1974 accident. In that action, the court sustained the defendant's plea in abatement, holding that the Connecticut Probate Court lacked jurisdiction to appoint an administrator for the Wisconsin decedent's estate.

On November 21, 1978, the defendant in the present action was appointed administrator of the decedent's estate by a Wisconsin court. The plaintiff then instituted this suit.

# I

The statute of limitations for negligence actions limits the bringing of such actions to two years from the date of the alleged injury; additionally, no such action may be brought after three years from the date of the allegedly negligent conduct. General Statutes § 52-584. It has been held, however, that upon the death of a tortfeasor the statute of limitations for a tort action is tolled until the appointment and qualification of a fiduciary of his estate. *Franklin* v. *Ackerman,* 29 Conn. Sup. 246.[1] There the statute of limitations began to run on the date of the injury but was suspended upon the death of the alleged tortfeasor ten months later, and resumed running upon the appointment of an administrator five months thereafter. The total period of time (325 days) during which the statute ran was within the allowable statutory period. Id., 248. The Connecticut Supreme Court has stated, in dictum, in *Lubas* v. *McCusker,* 153 Conn. 250, 255–56, that death tolled the statute of limitations until the appointment of an administrator where the issue was the plaintiff's failure to present his claims to the defendant administrator in a tort action. See *International Tool & Gauge Co.* v. *Borg,* 145 Conn. 644, 645, concerning notice of disallowance of claims. See also 47 A.L.R.3d 179, 181, 185. Although no appellate court in Connecticut has addressed the issue at hand "[t]he rule that the running of the statute of limitations is arrested by the death is but an expression of a general principle to the effect that ordinary statutes of limitations do not run while there is no one in existence capable of suing or being sued. It is the application of the doctrine of necessity in the judicial effort to

---

[1] In a wrongful death action, however, the statute of limitations is not tolled pending appointment of a fiduciary. *Baker* v. *Baningoso,* 134 Conn. 382, 384; *Radezky* v. *Sargent & Co.,* 77 Conn. 110.

administer justice and equity." 2 Locke & Kohn, Connecticut Probate Practice § 483, p. 520. Therefore, the statute of limitations should ordinarily be tolled pending the appointment of a fiduciary. In the present case, inasmuch as the original grant of administration in Connecticut was extrajurisdictional, it may be disregarded and considered void. Wilhelm, Connecticut Estates Practice, Settlement of Estates § 67. Thus, the statute of limitations here was arrested at the time of death and did not begin to run until the proper appointment of an administrator in November, 1978, in Wisconsin. Accordingly, the instant action was timely brought.

## II

The defendant further contends that this action is barred by § 52-592 of the General Statutes, the accidental failure of suit statute. That statute provides that "[w]hen any action has been brought against an executor or administrator . . . and has failed [because the writ was abated], the plaintiff, or his executor or administrator in case a cause of action survives, may commence a new action within six months after such determination of the former one." The plaintiff's previous lawsuit failed "because the writ was abated" but the instant action was not filed within six months of the abatement. Section 52-592 of the General Statutes is, however, remedial and "was passed to avoid hardships arising from an unbending enforcement of limitation statutes." *Korb* v. *Bridgeport Gas Light Co.,* 91 Conn. 395, 402. It has been used to extend the time allowed a plaintiff to institute his action but not to abridge the applicable general statute of limitations. *Ross Realty Corporation* v. *Surkis,* 163 Conn. 388, 393. In addition, it has been held to modify the statute of limitations for wrongful death actions. *Korb* v. *Bridgeport Gas Light Co.,*

supra; *Baker* v. *Baningoso,* 134 Conn. 382, 386; see 2 Locke & Kohn, supra, § 489. Where a plaintiff has voluntarily withdrawn his action, he may not take advantage of the extension of time provided by the accidental failure of suit statute; *Baker* v. *Baningoso,* supra, 387; nor may he avail himself of that statute where the failure of suit was the result of the plaintiff's negligence in failing to have a fiduciary timely appointed. Id., 386.

The plaintiff claims that neither General Statutes § 52-584 (statute of limitations) nor General Statutes § 52-592 (accidental failure of suit) applies, and contends that his action is controlled by General Statutes § 45-205 (presentation of claims). That statute is inapplicable to a Wisconsin estate, in that proof of claims is governed by the law of the state of administration. Restatement (Second) of Conflict of Laws § 345.

The juxtaposition of the rule reiterated in *Lubas* v. *McCusker,* supra, that the death of the defendant tortfeasor tolls the statute of limitations until the appointment of a fiduciary for the decedent's estate, and the rule enunciated in General Statutes § 52-592, which provides for a six-month limitation after abatement of an action, raises a question that, although new in Connecticut as presented by the present fact pattern, is in effect governed by the rule in *Ross Realty Corporation,* supra, 393, which discusses the relationship of General Statutes § 52-592 to a general statute of limitations. It would seem that the same reasoning would apply to § 52-592 vis-a-vis the principle found in *Lubas,* supra. If a general statute of limitations is tolled until the appointment of a fiduciary upon the death of a defendant tortfeasor, the fact that an abortive action was instituted in Connecticut seeking to appoint a Connecticut administrator does not invoke

§ 52-592 so as to shorten the period of the general statute of limitations applicable to the action. To do so would deprive § 52-592 of its remedial and beneficial operation of extending general statutes of limitation, and instead would make it a weapon to diminish their operation, a proposition neither supported by the statute itself nor the cases decided under it.

The defendant's motion for summary judgment is denied.