[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The pending case arises out of an incident which occurred on October 8, 1987. The plaintiff, Southern New England Telephone Company (hereinafter "SNET"), instructed one of its linecrew to install an anchor on a pole located in front of 169 East Street in Norwalk, Connecticut. The day before the work was to be performed, SNET, pursuant to Connecticut General Statutes16-349, called the State of Connecticut's "Call Before You Dig" clearinghouse to apprise them of its intention to do excavation at the aforementioned site. The next day, after commencing with the installation of the anchor, the linecrew ruptured an unmarked water service line.
The plaintiff immediately contacted the defendant, First District Water Department, to inform it of the damage. The defendant's representatives denied responsibility and refused to fix the rupture. As a result of the foregoing, the plaintiff CT Page 9410 corrected the damaged water pipe at its own expense.
Thereafter, plaintiff commenced the present action seeking the recovery of its costs to repair the water pipe. More specifically, plaintiff alleges in its complaint that it incurred damages because the defendant negligently failed to mark the location of the water line in violation of Conn. Gen. Stat.16-345 et seq. Sheriff Samuel H. Cioffi served the defendant with process on October 11, 1989, one day after the two year limitations period had expired.[1] Sheriff Cioffi did not indicate on his return the date plaintiff delivered process to him, nor was the return ever amended to indicate said date. Sheriff Cioffi passed away in the spring of 1990.
Defendant filed an answer with two special defenses on May 8, 1990. Defendant alleges in his first special defense that the damages incurred by plaintiff were a direct result of its own negligence. Defendant alleges in the second special defense that plaintiff's claim is barred by the limitations period set forth under Conn. Gen. Stat. 52-584 because plaintiff failed to commence its action within two years from the date that the cause of action accrued. Plaintiff filed an answer on May 11, 1990 denying each special defense.
On March 20, 1992, defendant, pursuant to Practice Book 379, filed the pending motion for summary judgment on the grounds set forth in its special defenses. In support of its motion, defendant has filed a memorandum of law and the affidavit of Brian R. Fitzgerald, General Supervisor of the defendant Water District. Plaintiff has filed two opposing memoranda of law along with the affidavits of John H. Peck, Jr., plaintiff's attorney, and Angela Poremba, the former secretary of the late Sheriff Samuel N. Cioffi.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). Summary judgment may be granted where the applicable limitations period has lapsed. Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257
(1984).
Defendant first argues that it was not the owner of the CT Page 9411 water line in question and was therefore not required to "T" mark it before plaintiff commenced excavating. Defendant argues further that its position is supported by the statutory and regulatory language pertaining to the "Excavation, Demolition or Discharge of Explosives" by public utilities, Conn. Gen. Stat.16-345 et seq., because said language only makes reference to the owners of certain utilities which does not include the defendant. Defendant next argues that judgment should enter in its favor because plaintiff commenced its action after the two year limitations period set forth under Conn. Gen. Stat. 52-584
had expired.
Plaintiff argues that the question of whether the controlling statutes and regulations required defendant to "T" mark the damaged water line presents an issue of fact sufficient to survive defendant's motion for summary judgment. Plaintiff, relying on Conn. Gen. Stat. 52-593a, next argues that the present action was commenced in a timely manner because the writ, summons and complaint was delivered to the sheriff before the limitations period had run, and the sheriff served the defendant within fifteen days after the limitations period expired.
Connecticut General Statutes 52-593a(a) provides as follows:
 Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to an office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
Subsection (b) of the same statute provides that "[i]n any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section."
CT Page 9412 The fact that the extension statute becomes operative only where the process has been delivered before the running of the statute of limitations, and the fact that the serving officer is required to attest to the date of delivery suggest that the purpose of the statute is to ensure the process is received on time by the officer.
Zarillo v. Peck, 33 Conn. Sup. 676, 678, 366 A.2d 1165 (App. Sess. 1976), cert. denied, 171 Conn. 731, 357 A.2d 515 (1976).
In the instant matter, Sheriff Cioffi failed to comply with Conn. Gen. Stat. 52-593a(b) by not endorsing under oath on his return the date on which plaintiff's counsel personally delivered process to him. See Sheriff's Return dated October 11, 1989. In Zarillo v. Peck, supra, the court was presented with a similar situation. The court noted that since the irregularity had not been questioned, and since, in any event, it was curable by amendment of the return, the court could proceed to consider the ground upon which the trial court granted summary judgment. Id., 677-78.
Nevertheless, under the circumstances of the present case, the sheriff's return cannot be amended to comply with the requirements of Conn. Gen. Stat. 52-593a(b) due to the death of Sheriff Cioffi in the spring of 1990. See Affidavit of John H. Peck, Jr., Par. 7. Thus, there is no way to ensure that Sheriff Cioffi received process before the limitations period had expired. Accordingly, because the requirements of Conn. Gen. Stat. 52-593a(b) have not been met, nor can be met by amendment of the sheriff's return, the court must grant defendant's motion for summary judgment.
Because of the foregoing, the court need not address defendant's remaining ground for summary judgment.
John P. Maiocco, Jr., Judge