[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS COMPLAINT
This matter comes before the court by way of remand from the Appellate Court. Cross v. Hudon, 27 Conn. App. 729.
The plaintiff herein commenced this action against the name defendant as conservator of her mother's estate. After her mother's death, the executrix of the estate was substituted for the named defendant. Thereafter, a motion to dismiss the CT Page 24 complaint for lack of subject matter jurisdiction was granted December, 1990 (Hennessey, J.).
On appeal, the Appellate Court reversed and remanded the matter to this court for an evidentiary hearing as to the plaintiff's status at the time when she commenced the action Meanwhile, the executrix appointed by the Probate Court of Newington was removed by said Probate Court and Richard Pikor was appointed administrator, c.t.a. d.b.n.
The court held a hearing on August 10, 1992. At that time the court also considered another motion to dismiss filed by the current administrator, on August 6, 1992, with appropriate memorandum of law.
At such hearing counsel for the defendant administrator offered as exhibits (1) certified copies of appointment of the plaintiff as temporary and permanent guardian of the person a estate of the decedent in Massachusetts, and (2) certified copy of the death certificate.
The court was asked to take judicial notice of that portion of the instant file relating to an application for an attachment dated April 11, 1989.
Thereupon, the defendant rested, and the plaintiff offered no testimony.
Counsel for the defendant then argued as to the subject motion that as a matter of law a guardian cannot sue her ward. Counsel further argued, as to the subsequent motion, that the court has no jurisdiction because the plaintiff failed to comply with the claims procedure in 45a-353 et seq. C.G.S., a specifically 45a-563.
Counsel for the plaintiff filed a trial memorandum. In its first argument, it requests the court to drop Paul Zanoni, one the original movers, for lack of standing.
The court notes that the original moving parties to the motion to dismiss were Paul Zanoni, and Rosalie Benny Zanoni individually and as executrix. Paul Zanoni was made parties defendant on July 17, 1989 pursuant to a motion. Such motion alleged essentially that the movant had lived in certain premises owned by the decedent in exchange for certain maintenance work CT Page 25 performed thereon. The decedent died some three weeks later. Any relationship that said Paul Zanoni may have to the assets her estate lie with the fiduciary, and he has no standing these proceedings. Accordingly, Paul Zanoni is dropped as party defendant.
As to the motion on remand, the memorandum offered support of the motion cites two legal theories.
The first is that a guardian cannot sue a ward citing North v. Strong, 1 Conn. 65, 69 (1814). In that case, a divided court expressed the view that as a matter of law, a conservator could not claim assets of his decedent's estate which were in his possession prior to death. Whether that position is still valid need not be decided, since such a claim does not oust the court of jurisdiction.
The memorandum also cites 45-75b C.G.S. (now 45a-657) entitled "Court to resolve conflicts between conservators." Supreme statutes provide that any conflict between the conservator of the person and conservator of the estate be resolved in the probate court. For the purposes of this proceeding, the only conservator involved was the conservator of the estate at the time of commencement of the action, Paul Hudon. The plaintiff was an appointee of the Massachusetts court, and the probate court ruled this case had no jurisdiction. Lyden v. Feldman, 36 Conn. Sup. 121,122.
Further, the claim is based upon loans made by the plaintiff to the decedent for her care. These allegations are sufficient to allow the court to entertain the claim.
There may be questions of law that may arise, but these may not be considered on a motion to dismiss because "[e]ven a presumption which favors the jurisdiction of the court should be indulged." Barney v. Thompson, 159 Conn. 416, 420; Bridgeport v. Debek, 210 Conn. 175, 180.
Indeed, in his brief in the Appellate Court, counsel for the defendant admitted that the previous ruling was based on legal sufficiency, not on jurisdiction.
The other statute cited in the original memorandum (45a-230f(c) C.G.S.) (now 45a-357) has no bearing on this issue. CT Page 26
As to the motion to dismiss filed August 6, 1992, i.e., whether the appropriate procedures were followed so as to allow this court to consider the plaintiff's claim, again, these are matters of law, not jurisdiction. Beard's Appeal, 78 Conn. 481,483; State v. Goldfarb, 160 Conn. 320, 325.
Both motions to dismiss are denied for the reasons set forth.
Further, as Rosalie Benny Zanoni has appeared pro se individually in this matter, wherein the proper defendant is the substituted administrator, she is hereby dropped as a party defendant, like Paul Zanoni, as she has no further interest in this proceeding.
Robert P. Burns, Judge