[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The following facts are alleged in the complaint filed by the plaintiffs, Mildred Thomas and Millie Russ, dated September 25, 1992, against the defendant, Edith Nicola. The defendant is the executrix of the estate of Walter P. Nicola. On March 2, 1992, Walter Nicola died testate; on August 12, 1992, the defendant was appointed executrix of Walter Nicola's estate.
On or about April 11, 1990, plaintiff Thomas, while operating a motor vehicle owned by plaintiff Russ collided with the decedent. The collision was caused by the negligence and carelessness of the decedent. As a result of the collision, plaintiff Thomas sustained personal injuries, medical expenses, and loss of employment. As a result of the collision, plaintiff Russ sustained damages to her motor vehicle.
On October 13, 1992, the defendant filed an answer and two special defenses: statute of limitations and comparative negligence. On March 29, 1993, the plaintiffs filed a reply to the defendant's special defenses in which they deny all allegations contained therein.
On January 31, 1994, the defendant filed a motion for summary judgment on the ground that the plaintiffs' claim is barred by the statute of limitations period prescribed by General Statutes § 52-584. The defendant filed a supporting affidavit from her counsel, James P. Mooney, and a copy of the return of service from Margaret LaBranche, Deputy Sheriff of CT Page 5055 New London County.
On March 2, 1994, the plaintiffs filed a memorandum of law in opposition to the defendant's motion for summary judgment. The plaintiffs argue that their action was timely commenced under General Statutes § 52-593a. In support of their memorandum of law, the plaintiffs submit an affidavit from Deputy Sheriff LaBranche.
"Sections 378-386 of the Practice Book set forth the procedures concerning summary judgments." Tracy v. CharismaAviation, Ltd., 8 Conn. L. Rptr. 282 (January 20, 1993, Hadden, J.). "Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations."Woodside Green Condominium Association, Inc. v. Woodside Green,Inc., 9 Conn. L. Rptr. 637 (October 4, 1993, Lewis, J.), citingMac's Car City, Inc. v. American National Bank, 205 Conn. 255,259-60, 532 A.2d 1302 (1987).
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Johnsonv. Meehan, 225 Conn. 528, 534-35, 626 A.2d 244 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991).
The "party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Id. "The courts hold the movant to a strict standard." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430,434, 429 A.2d 908 (1980). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) State v. Goggin, 208 Conn. 606, 616,546 A.2d 250 (1988). "[A] party opposing summary judgment must CT Page 5056 substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116
(1990). It is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citation omitted.) Wadia Enterprises,Inc. v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992).
The defendant argues that the plaintiffs' negligence action is barred by the two-year limitations period prescribed by General Statutes § 52-584. The defendant argues that because plaintiff Thomas sustained personal injuries on April 11, 1990, the plaintiffs' cause of action, commenced on September 28, 1992, is not timely and is consequently barred.
The parties to the present action are in agreement that the plaintiffs' claim is governed by the negligence statute of limitations period. General Statutes § 52-584
provides in pertinent part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained. . . ." Therefore, the plaintiffs' cause of action would ordinarily be barred by General Statutes § 52-584, unless commenced on or before April 11, 1992.
The plaintiffs argue that because the decedent died within the two-year limitations period, the running of the limitations period was suspended until August 12, 1992, the date that the defendant was appointed executrix of the decedent's estate. The plaintiffs contend that the statute of limitations period governing their cause of action did not run until September 21, 1992.
"[U]pon the death of a tortfeasor the statute of limitations for a tort action is tolled until the appointment and qualification of a fiduciary of his estate." Lydem v.Feldman, 36 Conn. Sup. 121, 123, 414 A.2d 202 (Super.Ct. 1979), citing Franklin v. Ackerman, 29 Conn. Sup. 246, 247-48,282 A.2d 183 (Super.Ct. 1971); see Lubas v. McCusker,153 Conn. 250, 255-56, 216 A.2d 289 (1965). Accordingly, the present statute of limitations period ran from April 11, 1990, the date of plaintiff Thomas' injury, to March 2, 1992, the CT Page 5057 date of the decedent's death. This is a period of 691 days. The limitations period was then suspended until August 12, 1992, the date of the defendant's appointment as executrix of the decedent's estate.
"In Connecticut, an action is commenced on the date of service of the writ upon the defendant." Hillman v. Greenwich,217 Conn. 520, 527, 587 A.2d 99 (1991). The present action commenced on September 28, 1992. See Deputy Sheriff's Return dated September 28, 1992. Therefore, the statute of limitations period ran for a total of 738 days, a period in excess of the two-year limitations period prescribed by General Statutes § 52-584.
The plaintiffs argue that their present action is saved by General Statutes § 52-593a. The defendant argues that because the plaintiffs have not complied with General Statutes § 52-593a, their cause of action is barred. General Statutes § 52-593a provides in pertinent part:
 (a) a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
 (b) In any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section.
"[T]he legislature has specifically delineated a number of instances where the statute of limitations will be tolled." Beckenstein v. Potter Cotter, Inc., 191 Conn. 150,160, 464 A.2d 18 (1983), citing General Statutes §§ 52-592
through 52-595. Although there is a two-year limitations period for negligence actions General Statutes § 52-593a is a "statutory exception to the expiration of the limitations period." Converse v. General Motors Corp., 893 F.2d 513, 516
(2d Cir. 1990). "[T]he purpose of the statute is to ensure CT Page 5058 that the process is received on time by the officer." Zarillov. Peck, 33 Conn. Sup. 676, 678, 366 A.2d 1165 (App.Div. 197 6), cert. denied, 171 Conn. 731, 357 A.2d 515 (1976).
General Statutes § 52-593a "becomes operative only where the process has been delivered before the running of the statute of limitations, . . . the serving officer . . . attest[ed] to the date of delivery"; Zarillo v. Peck, supra, 678; "and the process is served within fifteen days of the date of delivery." Cocco v. Preferred Mutual Ins. Co., 637 F. Sup. 94,96 n. 6 (D.Conn. 1986). Yet, if noncompliance with General Statutes § 52-593a "is curable by amendment of the return . . . [the court] may proceed to consider the ground upon which the trial court granted summary judgment. . . ." (Citation omitted.) Zarillo v. Peck, supra, 677-78; see Southern NewEngland Telephone v. 1st Dist. Water, 7 CSCR 1262, 1263
(October 5, 1992, Maiocco, J.).
The defendant was served by Deputy Sheriff LaBranche on September 28, 1992, but "the officer making service [failed to] endorse under oath on [her] return the date of delivery of the process to [her] for service in [violation of General Statutes § 52-593a(b)." See Deputy Sheriff's Return dated September 28, 1992. In her affidavit, Deputy Sheriff LaBranche states that "[t]he within Writ, Summons and Complaint and entire process were delivered to me from the Law Office of Washton, Segal Rotella on the 16th day of September, 1992." If process was delivered on such date, then the statute of limitations period ran for a total of 726 days, a period within the two-year limitations period prescribed by General Statutes § 52-584.
The purpose of General Statutes § 52-593a has been achieved because the court may find that Deputy Sheriff LaBranche received the process prior to the expiration of the limitations period, as prescribed by General Statutes § 52-584. In the present case, compliance with General Statutes § 52-593a
can be achieved by amendment of the return. See Southern NewEngland Telephone v. 1st Dist. Water, supra. Upon such compliance, the present cause of action was timely commenced in accordance with limitations period prescribed by General Statutes § 52-584.
Upon the plaintiffs' amendment of the return to conform with the requirements of General Statutes § 52-593a(b), CT Page 5059 the plaintiffs' action is timely. Because the defendant has not met its burden of demonstrating that she is entitled to judgment as a matter of law, the defendant's motion for summary judgment against the plaintiffs' complaint is denied.
Austin, J.