[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AS TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On May 30, 2000, the plaintiff, Joseph Deangelis brought suit seeking recovery for personal injuries allegedly sustained in an automobile accident with the defendant's decedent, Angelo Venturo, on June 5, 1997. The plaintiff, by a two count revised complaint of July 25, 2000, alleges that his injuries were proximately caused by the negligence and recklessness of Venturo.
The defendant, Henry Winiarski, Jr., has plead the statute of limitations as a special defense. The plaintiff has, by amended reply, plead that the statute of limitations was tolled from Venturo's death until the appointment of the defendant administrator. The defendant now moves for summary judgment on his special defense.
The briefs, affidavits and other documentary evidence disclose the following uncontested facts and procedural history which are relevant to the motion now pending before this court. The alleged auto accident occurred on June 5, 1997. Venturo died on July 7, 1998. The plaintiff first filed suit against Venturo on April 6, 1999, commencing the action known as Deangelis v. Venturo, Superior Court, judicial district of New Britain, Docket No. 494616 (Venturo). On January 6, 2000, a notice of Venturo's death was filed in the Venturo case. The probate court of East Hartford appointed Henry Winiarski, Jr. as the administrator of Venturo's estate on March 16, 2000. The plaintiff filed a motion to cite Winiarski into the Venturo case on April 24, 2000, which was denied by the court. On May 24, 2000, the court, Shortall, J., dismissed the Venturo action for lack of jurisdiction because Venturo had died before the suit was served. The present suit was then commenced on May 30, 2000.
On December 22, 2000, the defendant filed this motion for summary judgment with only a supporting memorandum of law. The plaintiff filed a memorandum objecting to the motion, accompanied by an affidavit and exhibits including, inter alia, Venturo's notice of death, application for administration of the estate of Venturo, and the fiduciary probate certificate. Subsequently oral argument was had.
Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment CT Page 6489 as a matter of law." Practice Book § 17-49. There are no disputed facts in the present case, rather the parties raise the question of whether Winiarski is entitled to judgment as a matter of law because the plaintiff's action is barred under the appropriate statute of limitations, § 52-584.
In support of the motion for summary judgment, the defendant argues that the plaintiff's complaint is based on negligence and recklessness, and therefore is subject to the two year limitation period of General Statutes § 52-584. The defendant maintains that the plaintiff had two years after the injury occurred, until June 5, 1999, to commence the action by service of process. Since service was not made upon the defendant until May 30, 2000, the defendant argues that the action is time barred and the defendant is entitled to judgment as a matter of law.
In opposition, the plaintiff contends that when the tortfeasor Venturo died the statute of limitations was tolled until the time of the appointment and qualification of the administrator of his estate.[1] The parties agree that the applicable statute of limitations is § 52-584, which provides that "[n]o action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered. . . ."
Generally, "the time required for the appointment of an administrator or executor of the estate will not postpone the beginning of the applicable statute of limitations. The only exception is if an action involves the death of a tortfeasor, where the statute is tolled until the appointment and qualification of a fiduciary." Sagers v. Lee County Bank,1 Conn. App. 535, 539, 473 A.2d 1239 (1984). "Of course the Statute of Limitations applicable to [a tort] action such as this (General Statutes52-584) was suspended from the date of the decedent's death until the appointment of the administrator." Lubus v. McCusker, 153 Conn. 250,255-56, 216 A.2d 289 (1965).
Our courts have consistently held "that upon the death of a tortfeasor the statute of limitations for a tort action is tolled until the appointment and qualification of a fiduciary of his estate." Lydem v.Feldman, 36 Conn. Sup. 121, 123, 414 A.2d 202 (1979); see also Franklinv. Ackerman, 29 Conn. Sup. 246, 247, 282 A.2d 183 (1971) (tolling the statute upon the death of the tortfeasor ten months after the alleged tort and resuming its running upon the appointment of the administrator five months thereafter).
The court finds that in the present case, the death of the tortfeasor, CT Page 6490 Venturo, before the statute of limitations had expired tolled that statute from the date of his death until the appointment and qualification of Winiarski as the administrator of the estate. Accordingly, the statute of limitations ran from the date of the alleged injury, June 5, 1997, until Venturo's death on July 7, 1998, a period of 397 days. The statute was suspended thereafter until March 16, 2000, whereupon it resumed running upon the appointment and qualification of the administrator of Venturo's estate, the defendant herein. The present action was commenced by service on May 30, 2000, seventy-five days later. Therefore, the statute of limitations ran for a total of 472 days (397 plus 75) before the plaintiff commenced suit, which is well within the allowed statutory limit of two years, or 730 days. Accordingly, the motion for summary judgment is denied.
James T. Graham Superior Court Judge